[No. 8,092.—Department One.]
Aug. 23, 1882.

## JACKSON EBY ET UX. v. C. F. FOSTER ET AL.

JUDGMENT LIEN—PAROL EVIDENCE TO PROVE DATE OF DOCKETING JUDGMENT—HOMESTEAD.—Action against the Sheriff and a judgment creditor to enjoin the sale under execution of land claimed as a homestead. The plaintiff acquired the title to the property on November 3, 1880, in exchange for land previously occupied by himself and wife as a homestead. A declaration of homestead upon the property in dispute was drawn at the same time with the deeds of exchange, and the three instruments were at the same time in regular succession executed and acknowledged and filed for record—the deed from the plaintiff being recorded at four minutes, the deed to the plaintiff at six minutes, and the declaration of homestead at eight minutes past three P. M. of Nov. 3, 1880. The judgment upon which the execution was issued was entered November 9, 1878, and was docketed, but the date of the entry in the docket did not appear therefrom. The execution was issued November 6, 1880. *Held:* The land was not subject to the lien of the judgment.

ID.—ID.—ID.—(MCKEE, J.) The date when the judgment was docketed does not appear unless it must be presumed to have been docketed on November 9, 1878—the date of the rendition and entry of the judgment—or on November 6, 1880—the date of the issuance of the execution. If the former date is taken the lien expired before the time appointed for the sale; if the latter, it did not commence until after the homestead was declared. As the lien is purely statutory neither its existence nor commencement can be proved by parol.

ID.—ID.—ID.—(MYRICK and MCKINSTRY, JJ. concurring.) The delivery of the deed to the plaintiff and the filing of the same for record together with the declaration of homestead constituted one transaction and the moment the title to the premises vested the homestead right attached; and therefore the premises were not subject to the lien of the judgment.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of Tehama County. MAYHEW, J.

On the trial the defendants offered to prove by the Clerk of the Court that the judgment in the case of *Campbell* v. *Eby* was docketed in the month of May or June, 1880, but the Court excluded the evidence.

*J. F. Ellison,* for Appellants

The Court erred in sustaining the objection to proving by parol, when the judgment in the case of *Campbell* v. *Eby* was docketed. The docket is to show when the judgment was " entered," but not when it was " docketed." No record evidence of the time when judgment was docketed being provided by Legislature, we must prove it by parol. (Greenl. on Ev., § 86.)

Nor does the law require that judgment must be docketed as soon as entered. The judgment creditor may select any two of the five years during which a judgment may exist for the duration of his lien. (*Culver* v. *Rogers,* 28 Cal. 526; *Donner* v. *Palmer,* 23 id. 40.)

Campbell's judgment against Eby, constituting a lien upon real estate, attached to this property, unless the delivery of the deed to Eby from Rambo to said premises, and the filing of the declaration of homestead were contemporaneous acts. The deed to Eby took effect from its delivery. (Civil Code, § 1054.) The homestead took effect from the time it was filed for record. (Civil Code, § 1265.)

There was a sufficient space of time between the delivery of deed and the filing of homestead for judgment lien to attach. If a party is beneficially seised, if only for a moment, and there are no superior equities to be protected, the lien of the judgment will attach. (*Marriner* v. *Smith,* 27 Cal. 650; Adams' Equity (marginal page) 148, 149; Freeman on Judgments, § 338; 2 Blackstone, 131, note.) This property having been acquired after the judgment in *Campbell* v. *Eby* became a lien, it was subject to forced sale for the satisfaction of said judgment, without regard to the question whether a homestead was filed on it or not. (Code Civil Procedure, § 671; Civil Code, § 1241; *Bartholomew* v. *Hook,* 23 Cal. 279.)

*Chipman & Garter,* for Respondent.

There was no lien subsisting at the time homestead declara-

tion was filed on the Rambo property, conveyed November 3, 1880, because:

*a.* There was no judgment roll ever filed in the case.

*b.* There could therefore be no docketing, and in no case to bind subsequent incumbrancers.

*c.* If docketing was legal so far as affected by want of judgment roll, still as to subsequent incumbrances it must stand as of date of entry of judgment; first, because it bore no date, and there was nothing to show when it was made, except on the register of actions and the judgment book, from which it would appear to have been made November 9, 1878; and, second, because the presumption is, that the officer did his duty and docketed the judgment then; and, third, because parol proof can not be heard to change the date, to the prejudice of subsequent incumbrances.

*d.* The docketing having been done, so far as Eby can be affected, on November 9, 1878, and the sale falling without the two years given by statute for the lien to run, the sale would be void, and should be enjoined. (*Isaac* v. *Swift*, 10 Cal. 71; *Bagley* v. *Ward*, 37 id. 133; *Rogers* v. *Druffel*, 46 id. 654; *England* v. *Lewis*, 25 id. 351.)

There was no lien upon the property purchased from Rambo by Eby, because:

*a.* Eby exchanged one homestead for the other, and the lien could not attach; as the homestead character was never lost but was transferred to the new. (Smythe's Homesteads, §§ 55, 100, 101, 178; Freeman's Executions, § 235; *Robb* v. *McBride*, 28 Iowa, 386; *Houghton* v. *Lee*, 50 Cal. 101; *Randall* v. *Buffington*, 10 id. 491; *Spencer* v. *Geissman*, 37 id. 99; *Brooks* v. *Hyde*, 37 id. 373.)

*b.* Treating the Rambo property as proceeds of the first homestead, Eby had the right to reinvest them in another homestead within a reasonable time, which he did by filing declaration at same time he recorded the Rambo deed.

*c.* Eby had the right to make his declaration of homestead at any time before levy or sale under execution.

*d.* The deed from Eby to Rambo, from Rambo to Eby, and declaration of homestead and the recording, were simultaneous, and there was no time for the lien to attach. (Free-

man's Judg., § 373; *Christie* v. *Hale,* 46 Ill. 117; *Marriner* v. *Smith,* 27 Cal. 652.)

McKEE, J.:

Defendant Foster, as Sheriff of Tehama county, by an execution which had been issued on a money judgment in favor of his co-defendant Campbell against Jackson Eby, one of the plaintiffs in this case, levied upon and advertised for sale the southwest quarter, and the west half of the southeast quarter of Section 8, Township 26 north, range 5 west, Mount Diablo Meridian, as the property of the judgment debtor.

Before the day appointed for the sale the plaintiffs in this case brought their action to enjoin the sale, upon the ground that the property constituted their homestead, and was exempted from execution, levy, and sale.

The record shows that the plaintiff, Jackson Eby, had acquired title to the property on November 3, 1880, from one Rambo, in exchange for certain parcels of land in the town of Red Bluff, which the plaintiffs, before the exchange of property, had occupied as their homestead; and their intention in making the exchange was to secure a homestead in the country instead of in town. The exchange and the declaration of homestead constituted a single transaction. Simultaneously with drafting the deeds of exchange a declaration of homestead, legal in form, upon the property in dispute was drawn, and the declaration with the two deeds of exchange were, at the same time, in regular succession executed and acknowledged and filed for record—the deed to Rambo for the town lots being recorded first, at four minutes past three o'clock P. M.; the deed to Eby, for the land in the country, at six minutes past three o'clock P. M.; and the declaration of homestead, upon the land in the country, at eight minutes past three o'clock P. M., of November 3, 1880. But the judgment against Eby, on which execution had run to the Sheriff, had been given and entered on November 9, 1878; and on the day of the recording of the deeds of exchange and the declaration of homestead by Eby and wife, this judgment existed unsatisfied of record; and the question arises whether the judgment was docketed, so as to create a lien upon the

property, when the plaintiff acquired title to it from Rambo, before the declaration of homestead upon it was recorded ?

Between the delivery of the deed to Eby and the recording of the declaration of homestead there was an interval of several minutes. That time was sufficient for the existing lien of a judgment to attach to the property. (*Marriner* v. *Smith,* 27 Cal. 650; *Hibberd* v. *Smith,* 50 id. 511.) But no judgment lien is created upon real property belonging to a judgment debtor until the judgment be docketed. (§ 671, C. C. P.) Docketing a judgment consists of an entry in the docket in the Clerk's office of a brief abstract of the judgment. The docket in which this entry must be made is "a book with each page divided into eight columns and headed as follows: Judgment debtors; judgment creditors; judgment — time of entry; where entered in judgment book; appeals — when taken; judgment of appellate Court; satisfaction of judgment; when entered," etc. (C. C. P., 672); and the law has made it the duty of the Clerk to enter in this docket the title of each cause, with the date of its commencement, and a memorandum of every subsequent proceeding therein, with the date thereof. (Pol. C., Subd. 3, § 4204.)

The entry thus required to constitute the docketing "must be made immediately after attaching together and filing the papers which constitute the judgment roll in the case." (§ 671, C. C. P.) These things must be done to create a judgment lien upon real property; if they are not done as required by law there is no lien.

Now, at the trial, it was admitted that no judgment roll had been made up in the case under consideration; and it was proved that the entry which the Clerk made in his docket showed only the names of the judgment creditor and debtor, the amount of the judgment and date on which it was given, and entry of judgment and the date of issuance of execution. That of the judgment and entry of judgment is given as November 9, 1878, and the date of the issuance of execution as November 6, 1880. But *when* the entry of the abstract of the judgment was made on the docket is not given, unless it must be presumed that it was made on November 9, 1878, the date of the rendition and entry of the judgment, or on November 6, 1880, the date of the issuance of the execution.

If the docketing took place on the former, *i. e.*, November 9, 1878, the lien of the judgment commenced on that day, and ended just three days *after* the execution had been issued, and there existed no judgment lien enforceable by execution at the time appointed for the sale of the property to satisfy the judgment. (*Bagley* v. *Ward*, 37 Cal. 121; *Rogers* v. *Druffel*, 46 id. 654.) If, on the other hand, the judgment was docketed on November 6, 1880, the lien then created did not attach to the property in controversy, because it was then the homestead of the plaintiffs. (*Bowman* v. *Norton*, 16 Cal. 213.)

A judgment lien must have a commencement. If it exists, its commencement is the day when the judgment was docketed, for it is by docketing the judgment that the lien is created; and it runs for two years from and after that time (*Ackley* v. *Chamberlain*, 16 Cal. 181; *Barroilhet* v. *Hathaway*, 31 id. 395; *Rodgers* v. *Druffel, supra;* C. C. P., § 671); and the time must appear by the record; for, as the lien is purely statutory, neither its existence nor commencement can be proved by parol. (*Racouillat* v. *Requena*, 36 Cal. 651; *Norris* v. *Jackson*, 9 Wall. 125.)

Whence it follows that, at the time of filing the homestead declaration upon the property in dispute, there existed no enforceable judgment lien upon the property; and, the property being homestead, it was not subject to execution for the satisfaction of the judgment.

The Court, by its general verdict, found, and the evidence sustains the finding, that the plaintiffs resided on the land in dispute at the time of the exchange of properties and of the making and filing of the declaration of homestead. There is no error in the record prejudicial to the appellant.

Judgment and order affirmed.

MYRICK and MCKINSTRY, JJ., concurring:

We concur in the judgment, upon the ground that the delivery of the deed from Eby to Rambo, and of the deed from Rambo to Eby, and the filing the same for record, together with the declaration of homestead, were simultaneous acts, and constituted one transaction; that the moment the title to the premises in question vested in Eby, the homestead right attached; therefore, the premises were exempt from the levy

of the execution and sale thereunder, and were not subject to the lien of the judgment. The witness Eby testified that the three papers were placed with the Recorder for record at the same time, and we presume that the Court below relied in its judgment upon that testimony, rather than on the conflicting testimony.