[No. 20,003.   Department Two.—December 2, 1884.]

## THE PEOPLE, RESPONDENT, *v.* THOMAS RIGHETTI, APPELLANT.

CRIMINAL LAW—SUFFICIENCY OF INFORMATION—GRAND LARCENY.—An information charging the crime of grand larceny need not allege that the value of the property stolen was in current coin of the United States.

ID.—Where the information charges a theft of several articles, of the aggregate value of fifty-seven dollars, and that the offense was committed in a certain county on a certain day, it sufficiently appears that the articles were taken at the same time and place to constitute grand larceny.

ID.—INSTRUCTION—WITNESS—FALSE SWEARING.—It is not error to instruct the jury that "if any witness has, in their judgment, sworn falsely in any material respect, he is to be distrusted in all others, and his testimony is not to be accepted and acted on without great caution."

ID.—DEGREES OF LARCENY—VERDICT.—A verdict finding the defendant guilty of "larceny in the second degree" is equivalent to a verdict for petit larceny.

ID.—PETIT LARCENY—PUNISHMENT.—Petit larceny is punishable by fine, or imprisonment, or both, and if both fine and imprisonment are imposed, the judgment may also direct that the defendant be imprisoned until the fine be paid, specifying that the imprisonment must not exceed one day for every dollar of fine. Section 1205 of the Penal Code applies to cases of fine, whether or not coupled with a sentence of imprisonment.

APPEAL from a judgment of the Superior Court of San Luis Obispo county.

The facts are stated in the opinion of the court.

*J. M. Wilcoxson*, for Appellant.

*Attorney General Marshall*, for Respondent.

The COURT.—Information for grand larceny.   The defendant, Thomas Righetti, was separately tried.

The information charges the theft to have been of thirty sacks of barley, of the value of forty-five dollars, and seven sacks of wheat, of the value of twelve dollars, all of the value of fifty-seven dollars, the property of Mark Elberg; and that the offense was committed in the county of San Luis Obispo, on the 20th of September, 1883.

1.   There is nothing in the point that the information should have averred "that the value stated was in current coin of the United States." (*People* v. *Poggi*, 19 Cal. 600; Penal Code, § 487.)

The articles are stated to have been taken at the same time and place, sufficiently to constitute grand larceny.

The demurrer was therefore properly overruled.

2.   The court instructed the jury: "If any witness has, in your judgment, sworn falsely in any material respect, he is to be distrusted in all others, *and his testimony is not to be accepted and acted on without great caution.*"

The defendant urges that the court should have said "wilfully false," and cited, with other cases, *People* v. *Sprague*, 53 Cal. 494.   The instruction given, preceding the sentence in italics, is in effect the language of the statute.   (C. C. P., § 2061.)   The court held in *People* v. *Sprague, supra,* that the word "wilfully" did not change the effect of the language; that the word false is not the equivalent of mistake; therefore, if a witness be believed to have sworn "falsely," he is believed to have sworn so wilfully.   The addition of the words in italics constituted no error.   If a witness is declared by law to be distrusted, is not his testimony to be acted on with caution—great caution?   Would defendant's counsel present to us, in earnest, the proposition that if a witness is to be distrusted, still his testimony is to be taken without caution?

3.   The instructions concerning circumstantial evidence, considered together, show no error.

4.   The jury found the defendant guilty of "larceny in the second degree."   The defendant urges that this is no offense known to the law.   A complete answer is found in the Penal Code, Section 486: "Larceny is divided into two degrees, the

first of which is termed grand larceny, the second petit larceny." Here the degrees are given, and a name is given to each degree. We think the language of the statute justified the use of the term "larceny in the second degree," as standing for and representing "petit larceny."

5. The defendant was sentenced to imprisonment for six months, and to pay a fine of three hundred and sixty-five dollars, with the addition "that in case said fine is not paid at the expiration of said term of six months, he shall be confined in said county jail until said fine be satisfied, not exceeding three hundred and sixty-five days from the expiration of said term of six months, at the rate of one dollar per day for each day of said imprisonment."

Petit larceny is punishable by fine, or imprisonment, or both. (Penal Code, § 490.) A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of imprisonment, which must not exceed one day for every dollar of the fine. (§ 1205, Penal Code.) This last section is not, as contended for by appellant, limited to cases of fine only, but applies to cases of fine, whether the fine be coupled with a sentence of imprisonment, or whether the fine stand alone as the only punishment.

Judgment affirmed.