[No. 20602. In Bank. — December 30, 1889.]

EX PARTE WALTER NEUSTADT, ON HABEAS CORPUS.

CRIMINAL LAW — OBTAINING MONEY UNDER FALSE PRETENSES — PUNISHMENT — IMPRISONMENT FOR FINE. — Section 1205 of the Penal Code, providing that a judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of imprisonment, which must not exceed one day for every dollar of the fine, does not apply to a conviction of obtaining money under false pretenses, where the amount of the fine is not left discretionary with the court, and where the extreme penalty which may be imposed is left uncertain, and dependent upon evidence as to the value of the property taken.

ID. — JURISDICTION OF SUPERIOR COURT. — The offense of obtaining money under false pretenses, being punishable both by imprisonment and fine, which must be imposed in all cases to the extent of three times the value of the property, and which may exceed one thousand dollars, is within the jurisdiction of the superior court, and not of the police judge's court, of the city and county of San Francisco.

APPLICATION to supreme court for the release of petitioner upon writ of *habeas corpus*.

The facts are stated in the opinion of the court.

*Eugene N. Deuprey*, for Petitioner.

PATERSON, J. — The petitioner was convicted of obtaining money by false pretenses, and sentenced, on March 31, 1888, to imprisonment in the county jail for the term of one year, to pay a fine of $2,249, and in default of payment thereof, to be imprisoned one day for every dollar remaining unpaid, the latter imprisonment to commence at the end of the one-year term of imprisonment first ordered.

The penalty provided by section 532 of the Penal Code, under which the petitioner was convicted, is "imprisonment in the county jail not exceeding one year, and by a fine not exceeding three times the value of the money or property so obtained."

The legislature did not intend, we think, by this provision to make it possible to impose a penalty of life

imprisonment for a misdemeanor such as the offense named in section 532, or any other.

In *People* v. *Righetti*, 66 Cal. 184, the court, in Department, held that section 1205 of the Penal Code applies to cases of fine, whether the fine be coupled with a sentence of imprisonment, or whether the fine stand alone as the only punishment. The correctness of that decision may be doubted. The section provides: "A judgment that the defendant *pay a fine* may also direct that he be imprisoned until the fine be satisfied, specifying the extent of imprisonment, which must not exceed one day for every dollar of the fine." An adherence to the letter of this section would make it inapplicable to cases in which the court imposed a *term of imprisonment* and also a fine.

We do not, however, intend to express any opinion as to the correctness or incorrectness of the decision referred to. It is sufficient to say that, taking all the provisions of the code together, it is manifest that the legislature did not intend section 1205 to apply to cases of this kind, where the amount of the fine is not left discretionary with the court, and where the extreme penalty which may be imposed is left uncertain, and dependent upon evidence as to the value of the property taken. The Penal Code provides that "all its provisions are to be construed according to the fair import of their terms, with a view to effect its object and to promote justice." (Sec. 4.) Of course the legislature has the power to provide for the collection of fines by imprisonment at a certain rate per day, in cases where a fixed term of imprisonment is also imposed, but in such cases it should clearly appear that such is the intent of the legislature.

The petitioner claims that the superior court had no jurisdiction of the offense with which he was charged, and that, under the decision in *Green* v. *Superior Court*, 78 Cal. 556, the judgment should be declared void for that reason.

The case referred to is not in point. The offense

named in section 532 is punishable by imprisonment in the county jail not exceeding one year, and by fine not exceeding three times the value of the property. A fine must, in all cases, be imposed,—there is no alternative. It must be three times the value of the property. It may be more than one thousand dollars. The police judge's court, therefore, has not jurisdiction of this offense.

As the petitioner has served more than the term of imprisonment prescribed by the statute, he is entitled to his discharge.

It is ordered that the petitioner be discharged from custody.

Fox, J., Works, J., Sharpstein, J., and McFarland, J., concurred.

Beatty, C. J., and Thornton, J., dissented.