[No. 20589.    In Bank. — January 11, 1890.]

EX PARTE CHARLES WADLEIGH, ON HABEAS CORPUS.

CRIMINAL LAW — SENTENCE FOR FELONY — IMPRISONMENT FOR NON-PAY-MENT OF FINE — JURISDICTION — HABEAS CORPUS. — If a fine be imposed for a felony in addition to a sentence for imprisonment, it is beyond the jurisdiction of the court to adjudge that the fine be enforced by further imprisonment in the state prison; and if the term for which the prisoner was sentenced has expired, allowing him the credits provided by law, he will be discharged on *habeas corpus*. McFARLAND, J., and PATERSON, J., concurring, hold that the same rule of jurisdiction should apply to imprisonment for a misdemeanor in the county jail, where a fine is imposed in addition to the sentence of imprisonment.

Id. — Statutory Allowance of Credits — Action of Governor — Constitutional Law — Pardoning Power. — The statute allowing certain credits or deductions from the term of imprisonment in the state prison for good conduct does not require any action on the part of the governor, but its provisions enter into and form part of the sentence to imprisonment; and the statute is not unconstitutional as an infringement of the pardoning power of the executive.

Id. — Duty of Warden to Discharge Prisoner — Power of Board of Prison Directors — Forfeiture of Credits. — If the term for which a prisoner in the state prison was sentenced has expired, allowing him the credits provided for by statute, he is entitled to be discharged by the warden, as in any other case where the term of imprisonment has expired, without an order from any other officer, subject, however, to the right of the board of prison directors to determine, before the expiration of his term, that he has, by subsequent misconduct, forfeited his right to such deductions.

Application for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Carroll Cook*, and *William Hoff Cook*, for Petitioner.

*Attorney-General Johnston*, and *Charles B. Darwin*, for Respondent.

Works, J. — This is an application for a writ of *habeas corpus*. The petitioner is confined in the state prison under a conviction of felony, and sentenced to the state prison for five years, and that he pay a fine of one thousand dollars, and be imprisoned in said prison until said fine is satisfied, at the rate of one day for each one dollar of said fine.

It is alleged in the petition: " That during his imprisonment the said Wadleigh has faithfully fulfilled all the duties assigned to him, and has obeyed the rules and regulations of said prison, and has therefore earned the credits and deductions from his term of sentence allowed him by law; that, allowing said Wadleigh such deductions and credits so allowed him by law, the five years' imprisonment ordered by said judgment has fully expired, and that said Wadleigh is now held in said prison, as petitioner is informed and believes, solely for the collection of the fine imposed by said judgment."

The return of the warden does not deny the allegation of the petition that the petitioner has earned the credits and deductions allowed him by law, and that, allowing him such credits, he has served his. full term of imprisonment imposed as a punishment, but contends that the credits provided for by the statute cannot be allowed except upon some action of the governor authorizing it.

So much of the judgment against the prisoner as provides for his imprisonment in the state's prison for the collection of the fine imposed is void. (*Ex parte Arras*, 78 Cal. 304.) Therefore we must treat the sentence as one of imprisonment for five years. So treating it, the statute provides, in express terms, that certain credits or deductions from the term of imprisonment imposed shall be allowed for good conduct. (Supplement to Deering's Codes, p. 490, sec. 20.) This statute does not require any action on the part of the governor, nor is any such action necessary. The statute, by its terms, entitled the petitioner to his discharge, the same as if his term of imprisonment had expired without such commutation as he is allowed by its provisions. The statute is not unconstitutional as an infringement of the power of the executive to pardon. It does not take away or interfere with such power in any way. The statute simply fixes the term of imprisonment in certain cases and upon certain conditions. This provision enters into and becomes a part of the judgment of the court below.

When a defendant is sentenced to imprisonment for five years, this means five years subject to the deductions allowed from such time by law.

The respondent asks upon whose order a prisoner is to be discharged under this statute. The answer is given by the above construction of the statute. If the term for which he is imprisoned has expired, allowing him the credits provided for, he is entitled to be discharged by the warden, as in any other case where the

term of imprisonment has expired, without an order from any other officer.

This is subject, however, to the right of the board of prison directors to determine, before the expiration of his term, that he has, by subsequent misconduct, forfeited his right to such deductions.

The petitioner is entitled to be discharged, and it is so ordered.

SHARPSTEIN, J., FOX, J., and BEATTY, C. J., concurred.

THORNTON, J., concurring.—I concur, on the ground of the decision in *Ex parte Arras*, 78 Cal. 304. In Arras's case I dissented, and still think it wrongly decided, but I feel bound now to accept it as settled law in this state.

McFARLAND, J., concurring.—I concur in the judgment, and in the opinion of Mr. Justice Works. But as it may be thought that some things were decided in *Ex parte Arras*, 78 Cal. 304, which were not before the court in that case, I desire to express my doubt whether a defendant can be imprisoned, even in a county jail, beyond the maximum term of imprisonment prescribed by the statute as a punishment for the offense of which he has been convicted. A fine is, no doubt, quite a severe additional punishment to one who is able, and can be forced, to pay it; but after a sentence to the full term of imprisonment provided by law for the offense, to then impose a fine of one thousand or five thousand dollars on an impecunious defendant, known to be utterly incapable of raising one thousand cents, for the mere purpose of prolonging his imprisonment beyond the term prescribed by law, seems to me to be a species of legal jugglery not contemplated by the code. When the code provides that the punishment of imprisonment for a certain offense shall be for a term, for instance, "not exceeding one year," does it mean that a court

may indirectly imprison him for two, or five, or twenty years? The asserted power to do this is based on section 1205 of the Penal Code by applying to it the most extreme rule of literal construction. The section is as follows: "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied,"— at a certain rate per day. Now, it must be remembered that the judgment prescribed for many offenses is imprisonment *or fine*, or both. There are, therefore, three different kinds of judgments,— one imposing imprisonment alone, another imposing a fine alone, and a third imposing both imprisonment *and* fine. And is it not a fair construction of the words used in section 1205, "a judgment that the defendant pay a fine," — construing it as a penal statute,— to hold that they constitute a distinguishing description or definition of a certain kind of judgment, viz., a judgment to "pay a fine," that is, a judgment which imposes a fine alone, and not one which, in addition to a definite term of imprisonment, also imposes a fine? Such a construction would bring the section in harmony with all the other sections of the code on the subject, and with the evident purpose of the legislature. When the legislature says that imprisonment in punishment of a certain offense shall not exceed a certain term, it ought not to be held that a court can imprison one beyond that time, unless such holding be imperative. Under the construction herein intimated, a court could imprison a defendant for the maximum term prescribed by law, and could, in addition, if it thought proper, impose a fine, to be collected, if possible, by execution; but it could not, under the guise of a fine, extend the maximum term of the imprisonment almost indefinitely. Or if a proper case for leniency should arise, when it seemed probable that the defendant could pay a fine, and that it would be better for both him and the public that he should expiate his offense in that way, a

fine alone could be imposed, and enforced by imprison-
ment, at least to the extent of the maximum term. And
it seems to me that the most savage court should be
satisfied with this power,—at least until the legislature
chooses to enlarge it

I am aware that this court formerly, on one or two
occasions, expressed views different from those above
stated, and I am as loth as any one to depart from a
settled rule; but I think that the question here discusssd
can hardly be considered as definitely settled. It seems
to me that in recent years the practice of imprisonment
for fines has resulted, in some instances, in great op-
pression, and in imposing on defendants convicted of
only trivial offenses extreme and cruel terms of impris-
onment against both the letter and spirit of the law. I
think, therefore, that on a proper occasion the question
here presented should, at least, be opened and reconsid-
ered.

PATERSON, J., concurred in the opinion of McFAR-
LAND, J.