HARRY J. ROBERTS, APPELLANT, *v.* JOHN F. HOWELLS, SHERIFF OF SALT LAKE COUNTY, RESPONDENT.

CRIMINAL LAW—SECTION 4919 R. S. 1898—WHEN NOT APPLICABLE —FINE—HOW COLLECTED—UNDER SEC. 4925 R. S. 1898—CRIMI· NAL JUDGMENT—FINE AND IMPRISONMENT—JUDGMENT OF FINE— WHEN ENFORCEABLE BY IMPRISONMENT—SECS. 4925 AND 4926 R. S. 1898—EXCESSIVE IMPRISONMENT—VOID JUDGMENT.

*Criminal Law—Section 4919 R. S. 1898—When Not Applicable.*
    Section 4919 R. S. 1898 is not applicable to cases in which the court has imposed a definite term of imprisonment, and also a fine coupled with imprisonment until the fine is paid.

*Fine—How Collected—Under Sec. 4925 R. S. 1898.*

Under section 4925 R. S. 1898, a fine, imposed as a punishment in a criminal action, may be collected upon execution the same as a judgment in a civil case.

*Criminal Judgment—Fine and Imprisonment.*

Where there is a judgment of imprisonment and a judgment of fine, the fine is not enforceable by imprisonment, but only collectable on execution as in civil cases.

*Judgment of Fine — When Enforceable by Imprisonment — Secs. 4925 and 4926 R. S. 1898.*

Under sections 4925 and 4926 R. S. 1898, a judgment of fine is only enforceable by imprisonment when it stands alone, and not coupled with a distinct sentence of imprisonment, and when it provides for a definite rate per day of service to be applied on the amount of the fine.

*Excessive Imprisonment—Void Judgment.*

A judgment which imposes imprisonment for the nonpayment of a debt or fine due the state, after the right to punish by imprisonment has been exhausted by the completion of a jail sentence on the same judgment, is excessive and void in so far as it attempts to imprison for nonpayment of such a fine.

(Decided November 13, 1900.)

Appeal from the Third District Court, Salt Lake County. Hon. A. G. Norrell, *Judge.*

Application for a writ of habeas corpus. From a judgment denying the writ, plaintiff appealed. *Reversed.*

*D. Harrington, Esq.*, attorney for appellant.

*Hon. A. C. Bishop,* attorney general, and *Wm. A. Lee*, deputy attorney general for respondent.

MINER, J.

The appellant was convicted of battery upon his own confession, and sentenced to imprisonment in the county

jail for a period of thirty days and to pay a fine of $100, and in default of payment thereof that he be confined and imprisoned in the county jail one day for each dollar of fine so adjudged, until the fine be paid. After serving out the thirty days' term of imprisonment, the appellant applied to the third district court for a writ of *habeas corpus*, claiming, that after serving the thirty days' term of imprisonment imposed he could not thereafter, under the same conviction and sentence, be imprisoned for the fine, and that under section 4919 R. S., there can be no direct judgment of imprisonment coupled also with a judgment of fine and imprisonment until the fine is paid.

Appellant's petition for a writ of *habeas corpus* was denied by the district court, and he appeals from the order denying the writ.

After an examination of the statutes and the decisions from California from which our statutes are borrowed, we conclude, and so hold, that section 4919 is not applicable to cases in which the court has imposed a definite term of imprisonment and also a fine coupled with imprisonment until the fine is paid. This section provides that "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which cannot exceed one day for each dollar of fine."

There is nothing found in the statutes which applies to a case like the one under consideration, where the court fixes the term of imprisonment, and also imposes a fine.

Sec. 4193 expressly provides for a punishment by a fine and imprisonment.

Sec. 4925 provides that if the judgment is for a fine and costs, or either alone, execution may be issued thereon as on a judgment in a civil case. Under this section a fine may be collected by execution.

Under Sec. 4926 if the judgment is for imprisonment the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment is complied with, or if the judgment imposes a fine and imprisonment until such fine is paid, the accused must be committed to the custody of the proper officer until the judgment is complied with.

It will be noticed that the provisions in Sec. 4926 are in the disjunctive. The clause for imprisonment, and for fine and imprisonment until it is paid, is connected with the disjunctive "or." The section provides for commitments on judgments imposing imprisonment, or judgments imposing a fine and imprisonment until such fine is paid, but no provision is made by law for a case where a fine coupled with imprisonment until the fine is paid after the expiration of a term of imprisonment definitely fixed by the judgment, is provided for.

The judgment under consideration is that the defendant be imprisoned. It is also a judgment that he pay a fine, and also be imprisoned until the fine is paid. The defendant in such a case is entitled to all reasonable doubt, whether it arises out of a question of fact or the proper interpretation of a penal statute. The intention of the legislature to make section 4919 apply to a case like this is not made clear by the provisions of the statute.

Our opinion is that this statute was not intended to apply to judgments where both fine and imprisonment were imposed, but that it does apply where there is no express judgment of imprisonment. In other words, if there is a judgment of imprisonment and a judgment of fine, then the fine is not enforceable by imprisonment. Under sec. 4925 if the judgment is for a fine alone, without the alternative of imprisonment, execution may be issued thereon as on a judgment in a civil case. This

would be equally so whether the judgment be one of fine coupled with the alternative judgment of imprisonment until the fine is paid, etc., or whether it be a judgment of fine without the alternative judgment of imprisonment until the fine be paid. So, where the judgment is that a fine be paid, and that the prisoner be confined in jail until the fine is paid at the rate of $1.00 per day, the judgment may be enforced by imprisonment until the judgment is complied with, provided it is not coupled with a distinct sentence of imprisonment. Sec. 4926 does not disturb this view.

If the judgment is for imprisonment the prisoner is committed to the custody of the proper officer and detained until the judgment is complied with, or if the judgment is for a fine and imprisonment until the fine is paid, the defendant is also committed until the judgment is complied with and held imprisoned one day for each dollar, if the sentence so provides. If the sentence does not provide that the prisoner be held imprisoned one day for each dollar of fine, then the fine can only be collected by execution, but in no case can a judgment for a fine coupled with imprisonment until the fine is paid be enforced by imprisonment when the same judgment and sentence provides for an independent express term of imprisonment.

When the legislature enacted these provisions of the statute providing for the punishment of an offense by fine or imprisonment, or both, it was not contemplated that when a punishment by imprisonment was imposed that thereafter another should be added because the fine was not paid. The degredation and punishment by imprisonment is greater than that by fine. Such a judgment would be excessive in that it would impose imprisonment for the non-payment of a debt or fine due the state after

the right to punish by imprisonment had been exhausted. In such a case the state must resort to its execution for the collection of its fine as in a case at law.

In *People* v. *Righetti*, 66 Cal. 184, a different rule was announced, but in a later decision that court has overruled that decision, and held that where a judgment of imprisonment has been rendered and also a judgment of fine there can be no imprisonment to satisfy the fine. *People* v. *Brown*, 113 Cal. 35; *Ex parte* Rosenheim, 83 Cal. 388; *People* v. *Hamburg*, 84 Cal. 468; *Lowry* v. *Hogue*, 85 Cal. 602; *Ex parte* Naustadt, 82 Cal. 273.

The district court should have granted the writ prayed for and discharged the prisoner.

It is ordered that the judgment be reversed and the petitioner discharged from custody.

BARTCH, C. J. concurs.

BASKIN, J. dissents.