[Crim. No. 293. First Appellate District.—February 2, 1911.]

## THE PEOPLE, Respondent, v. C. KERR, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—SERIOUS NATURE OF WOUNDS—PERTINENT FACT—EVIDENCE OF PHYSICIAN—OPINION.—Where a defendant is charged with an assault with intent to murder, the seriousness of the injury actually produced is a pertinent fact to be considered; and the evidence of a physician who attended the wounded man is admissible to describe fully the nature and course of the wounds produced, to show their seriousness, although his expert opinion of the seriousness of a breast wound, fully described, was probably unnecessary.

ID.—EVIDENCE—OPINION OF WITNESS AS TO CONCLUSION OF BROTHER—REMEMBERING PART OF CONVERSATION—ERROR NOT PREJUDICIAL.—A question asked of a witness on cross-examination whether he and his brother did not conclude that it was necessary for the witness to remember parts of a conversation testified to by him was objectionable, as calling for the opinion of the witness as to the conclusion of his brother; but the error was harmless, where the only answer given was nonresponsive and without injury, and the question asked was not answered.

ID.—COMPLAINT FOR MURDER—CROSS-EXAMINATION OF COMPLAINANT—OBJECTION OF DISTRICT ATTORNEY — EXPLANATORY STATEMENT—MISCONDUCT NOT PREJUDICIAL.—Where a complaint had been filed against defendant for murder, and the person who swore to it was being cross-examined in relation to the same, and the district attorney made objection thereto, and in doing so stated that the first information at the county seat was that the wounded man was killed, and that such complaint was dismissed, and the present complaint filed, the explanatory statement of the district attorney, though improper, was not prejudicial misconduct where it was apparently made in good faith, and was promptly remedied by the action of the court in overruling the district attorney's objection, and stating to the jury promptly that the district attorney's statement was not evidence, and in instructing them to disregard it, and in requiring the witness to answer the question objected to.

ID.—JUDGMENT OF IMPRISONMENT AND FINE — ADDITIONAL IMPRISONMENT TO SATISFY FINE VOID—REMEDY BY STRIKING OUT.—Where a judgment of imprisonment has been rendered upon conviction of the offense of assault with a deadly weapon, included within the offense charged and also imposing a fine for such offense, that portion of the judgment which orders additional imprisonment for nonpayment of the fine is void; but this court is not required to reverse

15 Cal. App.—18

the entire judgment for such error, but will remedy the same by ordering the court below to strike out the void provision for further imprisonment.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial. R. H. Latimer, Judge.

The facts are stated in the opinion of the court.

M. R. Jones, and J. E. Rogers, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

HALL, J.—This is an appeal from a judgment and order denying defendant's motion for a new trial.

Defendant was charged with the crime of assault with intent to commit murder. The assault is charged to have been committed with a deadly weapon, and upon his trial the jury found the defendant guilty of assault with a deadly weapon.

The evidence showed that defendant became engaged in a quarrel with one Sobereska, and shot him twice with a pistol. One shot passed through the breast bone, the chest cavity a little above the heart, and lodged in the muscles of the back about three inches from the surface. The other passed completely through the thigh, cutting both a vein and an artery.

The physician who attended the wounded man fully described both wounds, and at the conclusion of his examination concerning the chest wound was permitted by the court, over the objection of the defendant, to answer a question calling for his opinion as to the seriousness of such wound. It is not claimed that the physician was not qualified to speak as an expert, but that the question of the seriousness of the wound had nothing to do with the guilt or innocence of the defendant. In view of the facts testified to and clearly proven, it probably was quite unnecessary to take the opinion of the physician, but the seriousness of the injury actually produced is a pertinent fact to be considered in any case where a defendant is charged with assault with intent to murder.

The court overruled an objection made by defendant to a question by the district attorney on cross-examination of a

witness as follows: "Isn't it a fact that you and your brother came to the conclusion it was necessary for you to remember that particular part of the conversation which you claim you had with Mr. Fahey on that occasion?"

The objection to this question should have been sustained in the form at least in which it was put, as it called for the opinion of the witness as to the conclusion of his brother, but the answer to the question was not responsive, and was entirely harmless. It was, "I think I have mentioned it." No motion to strike out the answer was made, and the question ruled on was not in fact answered at all. It would be a farce to order a new trial for such a trifle.

A complaint was filed charging defendant with murder. While the person who swore to this complaint was being examined on cross-examination by defendant's counsel regarding this complaint, the district attorney lodged an objection to a question, and in doing so made a statement to the effect that the first information brought to the county seat was that the assaulted man had been killed by defendant, and that he, the district attorney, had first prepared a complaint for murder, and subsequently dismissed it, and prepared a new one charging him with assault to commit murder, and procured the witness to swear to it. The court overruled the objection of the district attorney, and very properly told the jury that the statement of the district attorney was not evidence, and at once instructed the jury not to consider it.

The statements made by the district attorney were in explanation of his own conduct as well as that of the witness in relation to the filing of a complaint for murder in the first instance and the delay in dismissing it. While it should not have been made, it apparently was made in good faith in support of the objection to the question. Certainly it is not such a case of willful or injurious misconduct as to require a new trial, in view of the prompt action of the court, both in striking out the statement of the district attorney and instructing the jury as to its duty, and in requiring the witness to answer the question put by defendant's attorney.

No other rulings are complained of on appeal from the order denying the motion for a new trial.

The court, however, besides imposing imprisonment for fifteen months, imposed a fine, with additional imprisonment in

default of payment of the fine. The part of the judgment imposing imprisonment in default of payment of the fine is void. (*People* v. *Brown,* 113 Cal. 35, [45 Pac. 181], and cases there cited.) This court is not required, however, to reverse the entire judgment, but the proper course is to require the void portion of the judgment to be stricken out.. (*People* v. *Hamberg,* 84 Cal. 468, [24 Pac. 298].)

The order denying the motion for a new trial is affirmed. The court below is instructed to modify the judgment by striking out the part thereof as follows: "And that in default of payment of said fine that he be imprisoned in the county jail of the county of Contra Costa one day for each two dollars of said fine not paid. Said imprisonment to commence at the expiration of the term of imprisonment of fifteen months herein imposed."

In all other respects the judgment is affirmed.

Kerrigan, J., and Lennon, P. J., concurred.