26 Cal.App.2d Supp. 757 (1937)
THE PEOPLE, Respondent,
v.
JOHN SAYRE et al., Appellants.
California Court of Appeals. 
June 30, 1937.
 Thomas Higgins, Jr., for Appellants. [26 Cal.App.2d Supp. 758]
 Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.
 Schauer, J.
 Defendants, each of whom was convicted in the justice's court of a misdemeanor (violation of section 1 of the Los Angeles County ordinance number 439 [new series]) and sentenced "to pay a fine of Two Hundred ($200.00) Dollars, or in lieu of payment of said fine, to serve one hundred days in the County Jail, and ... to serve sixty days in addition to the payment of said fine", appeal from the judgment imposing such sentence, contending solely that it is contrary to law in so far as it superimposes upon the straight jail sentence of sixty days coupled with the fine, an alternative jail sentence in the event of failure to pay such fine.
 [1] The ordinance prescribes as its penal sanctions punishment "by a fine not exceeding five hundred dollars ($500.00) or by imprisonment in the county jail for a term not exceeding six months, or by both such fine and imprisonment". It does not within its own terms empower the court to impose a jail sentence as an alternative to payment of a fine levied thereunder, as could have been done had the legislative body so desired (Ex parte Green, (1892) 94 Cal. 387, 389, 390 [29 P. 783]; In re Johnson, (1907) 6 Cal.App. 734, 738 [93 P. 199]), and hence authority for that element of the judgment must be found in the general law, if at all.
 [2] Section 1446 of the Penal Code is relied upon by respondent as furnishing such power; it provides: "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied ..." Said section 1446 is a part of chapter 1, title 11, part 2, of the Penal Code, the subject of said chapter 1, title 11, being "Proceedings in Justices' and Police Courts". In chapter 1 of title 8, part 2, of the same code, which title 8 treats of judgments and executions in the superior court (In re Kennerly, (1923) 190 Cal. 774, 785 [214 P. 857]), we find section 1205, Penal Code, containing language substantially identical, in material part, to that of section 1446 hereinabove quoted, said substantially identical language in section 1205 being as follows: "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied." The case before us originated in a justice's [26 Cal.App.2d Supp. 759] court and hence is controlled by said section 1446, but we have also quoted the corresponding section (1205) in title 8 pertaining to superior court proceedings because that section has been more often discussed by the courts of last resort.
 In the year 1884 the justices of department two of the Supreme Court, in the case of People v. Righetti, (1884) 66 Cal. 184 [4 P. 1185], for the first time as far as our research discloses, gave attention to said section 1205 of the Penal Code and ruled that (p. 186): "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of imprisonment, which must not exceed one day for every dollar of the fine. (Sec. 1205, Pen. Code.) This last section is not, as contended for by appellant, limited to cases of fines only, but applies to cases of fines, whether the fine be coupled with a sentence of imprisonment, or whether the fine stand alone as the only punishment." If the decision just quoted from were the only one on the subject, or if it had been followed in subsequent cases involving the same point, respondent's position would be sustained; but such hypothesized facts are not veritas propositionis.
 In 1889 the Supreme Court in bank, in the case of Ex parte Neustadt, (1889) 82 Cal. 273, 274 [23 P. 124], while expressly declaring that it did not "intend to express any opinion as to the correctness or incorrectness of the decision", referred to People v. Righetti, supra, (1884) 66 Cal. 184, and said: "The correctness of that decision may be doubted. The section provides: 'A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of imprisonment, which must not exceed one day for every dollar of the fine.' An adherence to the letter of this section would make it inapplicable to cases in which the court imposed a term of imprisonment and also a fine." Only one month later the same court again had before it a matter involving that section (1205, Pen. Code), and Mr. Justice McFarland, in a concurring opinion, joined in by Mr. Justice Paterson, in the matter entitled Ex parte Wadleigh, (1890) 82 Cal. 518, at 522 [23 P. 190, 191], made this observation: "Now, it must be remembered that the judgment prescribed for many offenses as imprisonment or fine, or both. There are, therefore, three different kinds of judgments,--one imposing imprisonment [26 Cal.App.2d Supp. 760] alone, another imposing a fine alone, and a third imposing both imprisonment and fine. And is it not a fair construction of the words used in section 1205, 'a judgment that the defendant pay a fine,'--construing it as a penal statute,--to hold that they constitute a distinguishing description or definition of a certain kind of judgment, viz., a judgment to 'pay a fine', that is, a judgment which imposes a fine alone, and not one which, in addition to a definite term of imprisonment, also imposes a fine? Such a construction would bring the section in harmony with all the other sections of the code on the subject, and with the evident purpose of the legislature."
 Two months after the decision in Ex parte Wadleigh, supra, (1890) 82 Cal. 518, the matter entitled Ex parte Rosenheim, (1890) 83 Cal. 388 [23 P. 372], was presented to the Supreme Court in bank and the subject-matter and language of said section 1205 of the Penal Code was again construed. Actually it was section 1446 of the Penal Code that was involved in the proceeding, an application for writs of habeas corpus, then before the court, the petition being that of one Jacob Rosenheim and another to secure their release from jail after conviction and sentence in the police court of the city and county of San Francisco, but the Supreme Court, apparently inadvertently, refers throughout its opinion to the section being discussed as 1205, and it seems probable therefore (and from other sections of the same title in the Penal Code referred to therein) that it was section 1205 that was considered and not section 1446. Said sections are, however (and were then) as hereinbefore remarked, substantially identical in language. The court, after referring to its department holding in People v. Righetti, supra, (1884) 66 Cal. 184, said (Ex parte Rosenheim, supra, (1890) 83 Cal. 388, 390: "Upon a further consideration of the question, we are led to believe, and so decide, that section 1205 is inapplicable to cases in which the court has imposed a term of imprisonment and also a fine. That section provides that 'a judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of imprisonment, and which must not exceed one day for every dollar of the fine'. There is nothing in the letter of this statute, we think, which indicates an intention to make it applicable to cases in which the court itself fixes a [26 Cal.App.2d Supp. 761] term of imprisonment absolute, and then imposes a fine. ... [p. 391.] If those who framed and adopted section 1205 had intended it to apply to judgments that the defendant be imprisoned for a certain term fixed by the court and pay a fine, it would have been easy to have so declared. ... 'A judgment that the defendant pay a fine may also direct,' etc., says section 1295 [sic: 1205]. The judgment before us is not, correctly speaking and fully expressing it, a judgment that the defendant pay a fine; it is a judgment that he be imprisoned and that he pay a fine. Within the letter of the statute, therefore, there is no authority for its application to cases of this kind, and it is only by judicial grafting upon legislation that the section can be made to support the additional penalty imposed by this judgment. ... it is also true that the defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute, and we think the least that can be admitted fairly by those who claim the application of section 1205 to judgments of this kind is that the intention of the legislature to make it applicable to such cases is not clearly and with certainty expressed in the language used. ... [p. 392.] Of course, the legislature might, if it saw fit to do so, provide for the collection by imprisonment of all fines, whether the judgment be one of fine alone or one of both fine and imprisonment; but has the legislature so provided? We think it has not; and unless it has clearly conferred upon the court authority therefor, it is our duty to hold that the additional penalty cannot be imposed, and that the judgment to that extent is void."
 Those portions of the foregoing opinion which we have quoted could all have been said in equal propriety with respect to section 1446 of the Penal Code. The court does, on pages 390 and 391 (83 Cal.), refer to two other sections (1214 and 1215) of the same title (title 8, part 2, Pen. Code) and states that "they strengthen the theory that the legislature did not intend section 1205 to apply to judgments for both imprisonment and fine." The sections so referred to, at the time the decision under discussion was written (1890), read as follows:
 Section 1214. "If the judgment is for a fine alone, execution may be issued thereon as on a judgment in a civil action." [26 Cal.App.2d Supp. 762]
 Section 1215. "If the judgment is for imprisonment, or a fine and imprisonment until it be paid, the defendant must forthwith be committed to the custody of the proper officer and by him detained until the judgment is complied with."
 In title 11, dealing with proceedings in justices' and police courts, we find a section substantially the equivalent of section 1215; it is section 1456 and reads: "When a judgment is entered imposing a fine, or [sic: and] ordering the defendant to be imprisoned until the fine is paid, he must be held in custody during the times specified in the judgment, unless the fine is sooner paid." There does not appear in said title 11 any counterpart for section 1214 and, while section 1206 is not referred to in Ex parte Rosenheim, supra, it may be remarked neither is there in title 11 any provision similar to that section, which, at the time the decision was written (1890), read: "1206. A judgment that the defendant pay a fine constitutes a lien, in like manner as a judgment for money rendered in a civil action."
 Respondent, seeking some means of differentiation between sections 1205 and 1446, in order that it may avoid for the language of said section 1446 the construction placed by the court on the same language in section 1205, seizes upon the fact that the court, in the Rosenheim case (83 Cal. 388) refers to the section 1214 of the Penal Code, and in People v. Brown, (1896) 113 Cal. 35 [45 P. 181], a decision following the Rosenheim ruling, to sections 1206 and 1214 (in title 8 of the Penal Code) which have no counterpart in title 11, and urges that for this reason the entire line of authorities beginning with the Rosenheim case should be considered as not determinative of the construction applicable to section 1446. The reasoning hereinabove quoted from that case (Ex parte Rosenheim, supra, (1890) 83 Cal. 388) is in itself a sufficient answer to such contention; it clearly appears that the reference to said section 1214 was of purely secondary moment, mentioned merely as incidental or further support for its determination to overrule the decision in the earlier case of People v. Righetti, supra, (1884) 66 Cal. 184, the interpretative conclusion as to the true meaning of section 1205, requiring that ruling, having been impelled by the cogent reasoning hereinbefore quoted, which crystallized the doubts concerning the Righetti case theretofore expressed in Ex parte Neustadt, supra, (1889) 82 Cal. 273, 274, and in Ex parte Wadleigh, supra, (1890) 82 Cal. [26 Cal.App.2d Supp. 763] 518, 522. Since the Brown case (113 Cal. 35) but followed Ex parte Rosenheim, supra, its reference to section 1206 cannot lessen the weight of the earlier ruling.
 Furthermore we do not find persuasive respondent's argument in this regard, which is, in effect, that because said title 11 does not contain provisions similar to said sections 1206 and 1214 we are free to, and should, apply to section 1446 (in title 11) a construction opposed to that given to section 1205 (in title 8) by the Supreme Court. If the legislature had intended that section 1446 should create authority in justices of the peace and police judges to impose judgments coupling imprisonment absolute with imprisonment alternative to payment of fine, it does not seem reasonable that it would have cast, and through all the years which have elapsed and the amendments in other respects which have been made, have continued to maintain that section, except for the immaterial interchange of the word "be" for the word "is" (in the part which is material here), in ipsissimis verbis with section 1205, by which, it is so firmly established, it is not intended to authorize judges of the superior court to superimpose a sentence of imprisonment for failure to pay a fine upon a judgment of straight imprisonment. The mere failure to include in title 11 counterparts to sections 1206 and 1214 does not warrant the claimed inference that the legislature thereby intended to give to the language of section 1446 a meaning so essentially different in scope and effect from that possessed by the same words in section 1205. Particularly is this true in view of the fact that to have placed in title 11 a provision similar to section 1206 would have been to give to a judgment of a justice's or police court for a fine in a criminal case the lien establishing status elsewhere then given to superior court civil judgments when properly docketed (sec. 671, Code Civ. Proc., as of year 1890; Eby v. Foster, (1882) 61 Cal. 282, 286), but not to justice's or police court civil judgments, which the code (sec. 900, Code Civ. Proc., as it read in 1890) expressly declared created "no lien upon any lands of the defendant, unless ... an abstract is filed in the office of the recorder of the county in which the lands are situated". The fact that the legislature did not include in title 11 any counterpart of section 1214 in title 8, i. e., that it omitted from title 11 any provision for collection of any fine in any event by civil execution, is persuasive to us not that the legislature intended to give to section 1446 a meaning [26 Cal.App.2d Supp. 764] widely different from that given to section 1205, and thereby to give to police and justice's courts a heavier cudgel for the infliction of punishment and collection of fines than that possessed by superior courts, but rather that it considered that the small fines of one, two, three, or five dollars and up, ordinarily imposed in justices' and police courts, without sentence of imprisonment absolute, could be collected by the alternative jail sentence method more efficiently than by placing on some prosecutor or other public officer the responsibility of having execution issued and levied upon a judgment not as such, under then existing laws, a lien upon real estate.
 The fact that under the Supreme Court's construction of the language in question no provision is made in either title 8 or 11 for enforcing payment of fines by the method of alternative imprisonment in cases where a sentence of imprisonment absolute is pronounced seems no more remarkable as such than the fact that in title 11 no provision whatsoever is made for collecting fines in any event by execution. The legislature could omit or limit one method as well as the other and it is not unreasonable to assume that its forbearance was intended to be extended to the debtor's personal liberty as well as to his real and personal property.
 Finally, in attack upon the decision of Ex parte Rosenheim, supra, (1890) 83 Cal. 388, the opinion in People v. Pera, (1918) 36 Cal.App. 292 [171 P. 1091], has been cited as criticizing the former case, and a part of the following language has been quoted (p. 295): "We feel frank enough to say that the Rosenheim case went to the extreme limit in holding section 1205 inapplicable to cases where 'the court has imposed a term of imprisonment and also a fine'." But this argument is a ready subject for antistrophe. In People v. Pera, supra, we find two opinions: the first criticizes the Rosenheim decision; the second, filed upon a petition for rehearing, concedes that the court had originally misconstrued the Rosenheim decision, upon which misconstruction its criticism was founded. The court says, at page 306 (36 Cal.App.): "It will be observed that, in the original opinion, we construed the broad language used in the case of Ex parte Rosenheim, 83 Cal. 388 [23 P. 372], as declaring or implying that section 1205 of the Penal Code had no application whatever to a case where a term of imprisonment and also a fine were imposed. The cases above mentioned (People [26 Cal.App.2d Supp. 765] v. Brown, (1896) 113 Cal. 35 [45 P. 181], and People v. Kerr, (1911) 15 Cal.App. 273 [114 P. 584]) do not appear to give that construction to said section. They seem to hold that the Rosenheim case merely meant to hold that in a case where both a fine and an imprisonment are authorized to be imposed and a sentence of imprisonment is adjudged, the court, while having authority also to impose a fine, is without legal power or authority, in case the fine be not paid by the defendant, to impose the alternative of imprisonment at the rate of one day for every two dollars of such fine until the same is so satisfied. ... We have, upon careful reconsideration of the Rosenheim case, concluded that ... it gives the true meaning of section 1205 of the Penal Code. ... we are now firmly convinced that our former judgment in the respect herein considered is erroneous."
 If there were otherwise any doubt remaining as to the applicability of the ruling in the Rosenheim case--dealing as it does with section 1205 in title 8 of part 2 of the Penal Code--to section 1446 appearing in title 11 of the same code, we think such doubt is removed by the decision in Lowrey v. Hogue, (1890) 85 Cal. 600 [24 P. 995]. That case arose in a justice's court of Fresno County and the defendant (in the justice's court) sought to have annulled a judgment sentencing him to be confined in the county jail for thirty days and to pay a fine of $200 with the "alternative of imprisonment in the county jail until the fine be paid, at the rate of one day for every dollar thereof". Such defendant (plaintiff in the Supreme Court) relied upon two grounds for avoidance of the judgment: 1. That the court had exceeded its jurisdiction in proceeding with the trial after denying his motion for change of venue; 2. that the judgment was void in that the court "had no authority to add to the fixed period of imprisonment the alternative of imprisonment for nonpayment of the fine imposed". The Supreme Court here had its attention directed to the fact that it was dealing with a case arising in a justice's court; in disposing of the contention regarding the failure to grant the motion for change of venue it quoted from section 1431, a part of title 11, part 2, Penal Code. As to the contention based upon said section 1446 of the Penal Code, it said: "That portion of the judgment providing for a collection of the two hundred dollars fine by imprisonment in case the money be not paid is void. (Ex parte Rosenheim, 83 Cal. 388 [23 P. 372].)" [26 Cal.App.2d Supp. 766]
 The ruling in the Rosenheim case has been followed consistently in California and to some extent in other jurisdictions since its pronouncement. See In re Collins, (1890) (Supreme Court of California), 23 P. 374; People v. Hamberg, (1890) 84 Cal. 468, 475 [24 P. 298]; Lowrey v. Hogue, supra, (1890) 85 Cal. 600, 602; People v. Brown, supra, (1896) 113 Cal. 35, 36; Roberts v. Howells, (1900) 22 Utah, 389 [62 P. 892]; People v. Kerr, supra, (1911) 15 Cal.App. 273, 276; Reese v. Olsen, (1914) 44 Utah, 318 [139 P. 941, 942]; People v. Pera, supra, (1918) 36 Cal.App. 292, 307; People v. Velarde, (1920) 45 Cal.App. 520, 530 [188 P. 59]; 25 C.J. 1159. Inasmuch as this substantial line of cases has followed the reversal of the contrary ruling in People v. Righetti, supra, (1884) 66 Cal. 184; as the construction placed in such cases upon section 1205 of the Penal Code, for the reasons hereinbefore given, appears to be applicable to section 1446 of that code, and to have been placed thereon by the Supreme Court in Lowrey v. Hogue, supra, (1890) 85 Cal. 600, we feel that we are concluded to such construction of section 1446 by the authorities reviewed.
 The judgment appealed from, as to each defendant, is modified by striking out that part thereof which orders him "or in lieu of payment of said fine, to serve one hundred days in the County Jail". (People v. Velarde, supra, (1920) 45 Cal.App. 520, 530.) As thus modified the judgment in each case is in all other respects affirmed.
 Shinn, J., pro tem., concurred.
 Shaw, P. J.,
 Concurring.
 I concur, but only by reason of the array of California cases cited in the main opinion following People v. Rosenheim, (1890) 83 Cal. 388 [23 P. 372]. All of the other California decisions are based on the Rosenheim case, and for the most part their authors, following the illustrious example of the Light Brigade at Balaklava, deemed it "theirs not to reason why", merely citing the Rosenheim case. The decision in the Rosenheim case says in effect that "a judgment that the defendant pay a fine" is not a judgment that the defendant pay a fine, so far as section 1205 of the Penal Code is concerned, if it also imposes on him other punishment. This conclusion is reached in part from a consideration of certain other sections of the [26 Cal.App.2d Supp. 767] Penal Code, in none of which I can see anything tending to support the conclusion. The line of reasoning appears to be that, since there are three possible forms of judgment in a criminal case, one of imprisonment alone, one of fine and imprisonment, and one of fine alone, the legislature must have intended in section 1205 to deal with one of these only, hence when it said, "a fine", it really meant, "a fine alone"--although when it intended that idea in section 1214 it thought to use the word "alone". This argument proves too much, for if the legislature was undertaking, in the sections relating to enforcement of judgments, to deal with these forms of judgment separately, it has failed to provide any means of enforcing the imprisonment at all when the judgment is of both fine and imprisonment--that form not being separately enumerated in section 1215, which provides for commitments. Moreover, in one of the cases following the Rosenheim case (People v. Brown, (1896) 113 Cal. 35, 37 [45 P. 181]) the court conceded that the same words used in section 1205 did, when used in section 1206 (as it then stood), include a judgment of both fine and imprisonment. Reading between the lines of the decisions, the inference may readily be drawn that the court was startled at the length of the imprisonment which could be imposed under section 1205 for nonpayment of a fine and was seeking some means to prevent it, at least in part. But, while I see good reasons for disagreeing with this line of decisions, I realize that this court is not competent to overrule the decisions of the higher courts, nor do I think we should ignore and evade a rule so well established as this one is, even though deemed by us erroneous. At one time I thought these cases might be distinguished on the ground that they purported to deal only with section 1205, while on a misdemeanor charge in an inferior court we are concerned only with section 1446, and I so ruled in a habeas corpus case; but on further consideration I have reluctantly come to the conclusion that such distinction cannot be maintained. One of the cases, Lowrey v. Hogue, (1890) 85 Cal. 600 [24 P. 995], actually dealt with section 1446, although the opinion does not so state; and that section also was the one governing the subject-matter of the Rosenheim case, although that fact seems not to have been suggested to the court. The words to be construed are identical in both sections, and section 1446 has twice been amended since the decisions construing section 1205 were made, without any [26 Cal.App.2d Supp. 768] change of language, from which it may be concluded that the legislature was satisfied with this construction and intended to adopt it. (Treiman v. Kennon, (1934) 139 Cal.App. Supp. 796, 798 [30 PaCal.2d 636].) For these reasons I concur in the decision herein.