Town of Flora v. Lee.

## TOWN OF FLORA
### v.
### THOMAS L. LEE ET AL.

1. EVIDENCE—OBJECTIONS MUST BE MADE IN COURT BELOW.—An objection to the introduction of an ordinance in evidence must be made upon the trial in the court below. It cannot be raised for the first time in this court.

2. ORDINANCE—PRESUMPTIONS WHEN ADMITTED IN EVIDENCE.—Where an ordinance is admitted in evidence without objection, it will be presumed that it was competent testimony, and that all the essential prerequisites to make it so have been complied with.

3. EXCEPTIONS IN ORDINANCE—DEFENDANT MUST BRING HIMSELF WITHIN.—In an action for the violation of an ordinance prohibiting the sale of liquors, where the ordinance excepts from its provisions sales made in good faith by a druggist for medicinal purposes, the burden is upon the defendant to show that he comes within the excepted provision, if he would rely upon that as a defense.

APPEAL from the Circuit Court of Clay county; the Hon. THOMAS S. CASEY, Judge, presiding. Opinion filed April 2, 1880.

Messrs. HOFF & ALLEN, for appellants; that the burden was upon defendant to bring himself within the exception of the ordinance, cited Noecker v. The People, Ill. Sup. Ct. 1879.

Where the verdict is clearly against the evidence, it will be set aside: Miller v. Hammers, 51 Ill. 175; Adams Ex. Co v.

Jones 53 Ill. 463; Summers v. Stark, 76 Ill. 208; Geurdon v. Corbitt, 87 Ill. 272.

Underscoring particular words in an instruction should be condemmed: Wright v. Bosseau, 73 Ill. 381.

No execution for costs could be awarded against appellant: Trustees v. Shroeder, 58 Ill. 353; Kinmundy v. Mahan, 72 Ill. 462.

Mr. RUFUS COPE, for appellees; as to former recovery, cited Schmidt v. Lahensdorf, 30 Iowa, 498; Ramsey v. Herndon, 1 McLean, 450; Smith v. Whitney, 11 Mass. 445; Street v. Beckman, 43 Iowa, 497.

In a suit before a justice for violation of an ordinance, a recovery may be had for several violations, so that the judgment shall not exceed his jurisdiction: Hensoldt v. Town of Petersburg, 63 Ill. 111.

BAKER, P. J.   The charter of the town of Flora confers on it power to license, regulate and prohibit the sale of liquors; and to restrain, prohibit and suppress dram shops and tippling houses.   Section 38 of chapter 10 of the ordinances of the town provides that "any person who shall, by himself or agent, or any person who, as agent for another, shall sell or give away any vinous, spirituous or malt liquors, shall be fined $50 for each offense."

Section 39 provides that section 38 shall not apply to sales made in good faith by a *bona fide* druggist, for certain purposes mentioned, and under certain specified circumstances.

In February, 1879, the town commenced its action of debt in the Clay Circuit Court against appellees for $2,500; and on the 4th of March following, filed in said suit its declaration containing fifty counts, each count charging a violation of this ordinance and proceeding for the recovery of the $50 penalty for such violation.   The defendants pleaded "*nil debet*," "not guilty," and two pleas of former trial and acquittal before a justice of the peace.   To these two latter pleas, the town replied, that the several violations of said ordinance in the declaration mentioned, were not, nor was any or either of them,

Town of Flora v. Lee.

or any one of the named identical violations of said or-
dinance, or those, or any of those, in the said pleas mentioned.
The verdict and judgment were for the defendants. The
pleas of former adjudication were not sustained by the evidence.
The ordinance imposed a penality of $50 for each offense, and
the testimony of the defendants themselves, conclusively showed
that no single one of the alleged violations of the ordinance in-
quired of in this suit was investigated in the suit before the jus-
tice of the peace. No single witness who testified in the case
at bar, was a witness before the justice, nor was any sale testi-
fied to in this suit mentioned or suggested on that trial. It
must be presumed the suit commenced before the justice of
the peace, while this suit was pending in court, was for other
and different alleged violations of the ordinance. Nor was
there any ground for urging that the fifty violations of the ordi-
nance here in issue were of a nature they could, and should
have been consolidated in that suit before the justice, whose
jurisdiction did not exceed $200; and that because they were
not there brought forward, they were forever barred. The
abstract rule of law fixed by the statute in that regard should
not have been given to the jury in the form of an instruc-
tion; it was calculated to, and in all probability did, mislead
them.

It is urged by appellees that the publication of the ordinance
was not shown. It is sufficient to say its introduction in evi-
dence was not objected to, and such objection cannot be raised for
the first time in this court. The proof of publication would
probably have been furnished had it been required. But it is
said " there was nothing to warrant the jury in saying that this
ordinance was in force more than ten days before the beginning
of the suit." Before the ordinance was offered in evidence, the
plaintiff had introduced all its testimony showing sales of
liquors, and the declaration averred the passage and enactment
of the ordinance on the 21st day of March, 1878, and that
the same was duly published as required by law, setting out in
detail the manner of such publication, and that the same went
into full force and effect. The failure to object to the intro-
duction of the ordinance in evidence must be construed as an

·admission that it was competent testimony in respect to the subject matter submitted to the jury, and then being enquired of by them, and that all essential pre-requisites to make it such testimony had been complied with. The evidence introduced on the trial showed a great many sales by defendants of intoxicating liquors within the corporate limits of the town. As to quite a number of these sales the evidence of the plaintiff did ·not tend in the least to show, nor did defendants even attempt to show they were made for medicinal, chemical, mechanical, ·culinary or sacramental purposes. If defendants sold the liquors for any of the purposes which would exempt such sales from the penalties of the ordinance, it must be held it devolved on them to establish that fact. It was a matter especially within their own knowledge and within their power to prove. Moreover, any other rule would impose on plaintiffs the burden ·of proving the negative.

The verdict of the jury was manifestly against the evidence, and the motion for a new trial should have prevailed. The judgment, which was against plaintiff for costs, must be reversed and the cause remanded, and a *venire facies de novo* awarded.

Reversed and remanded.

CASEY, J., took no part in the decision of this case.