STATE, Respondent, v. BROWN, Appellant.

(167 N. W. 400.)

(File No. 4350. Opinion filed May 1, 1918. Rehearing denied
June 1, 1918.)

1. Criminal Law—Appeal—Error—No Motion for New Trial—Sufficiency of Stipulated Facts, No Review of.

No motion for new trial having been made, question of sufficiency of stipulated facts to warrant conviction, is not before Supreme Court.

2. Intoxicating Liquors—Keeping, Using, Liquors in Public Place—Railroad Station—Constitutional Provision, as Forbidding Possession of Liquors—Legislative Act, Whether Constitutional.

Laws 1917, Ch. 281, Sec. 44, prohibiting keeping, or having for use or otherwise, or using, intoxicating liquors "in any road, street, alley or other public place," is not unconstitutional as being in contravention of Const., Art. 24, which, among other things, prohibits keeping for sale, barter, trade or gift, of spirituous, etc., liquors. State v. Becker, 3 S. D. 29, 51 N. W. 1018, distinguished. So held, where the place in question was a railroad station.

3. Statutes—Subjects and Titles—"Regulating Traffic in Intoxicating Liquors," Whether Prohibiting Possession of Liquors in Public Place—Constitutionality.

Laws 1917, Ch. 281, Sec. 44, prohibiting keeping, or having for use or otherwise, or using, intoxicating liquors "in any road, street, alley or other public place,". is not in contraven-

tion of Const., Art. 3, Sec. 21, as containing provisions upon a subject not expressed in its title; one of the purposes expressed in its title being "regulating the traffic in intoxicating liquors;" said provision being germane to the main purpose of the act as thus expressed in its title; and the having in possession in public places of such liquors, by persons other than common carriers, is therefore germane to the general purpose so expressed in the title.

4. **Statutes—Excessive Fines, Cruel Punishment—Having In Possession Intoxicating Liquors in Public Place—Constitutionality of Act.**

Laws 1917, Ch. 281, Sec. 44, prohibiting, among other things, the keeping, or having for personal use or otherwise, or using, intoxicating liquors "in any road, street, alley or other public place," and which provides as punishment for first offense a fine not less than $200 nor more than $1000, and imprisonment in county jail not less than 30 days nor more than six months, is not unconstitutional as imposing excessive fines and cruel punishment.

5. **Statutes—Due Process—Possession of Intoxicating Liquors in Public Places, Whether a Fundamental Privilege—Constitutionality.**

Laws 1917, Ch. 281, Sec. 44, prohibiting, among other things, the having in possession in public places of intoxicating liquors, is not invalid as in conflict with Const., Art. 6, Sec. 2, providing that no person shall be deprived of life, liberty, or property without due process of law; since the right to hold or possess intoxicating liquors for personal use is not one of the fundamental rights or privileges of persons.

Appeal from the Municipal Court of Sioux Falls. Hon. Alpha F. Orr, Judge.

The defendant, Harry Brown, was convicted of having in his possession intoxicating liquors in a public place, and he appeals. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*C. C. Caldwell,* Attorney General, and *C. V. Caldwell,* for Respondent.

(2) To point two of the opinion, Appellant cited: State v. Becker, 3 S. D. 29; Messenger v. State (Neb.) 41, N. W. 638; State v. Young, 47 Ind. 150.

(3) To point three of the opinion, Respondent cited: Ex parte Crane, 27 Ida. 671, 151 Pac. 1006.

(5) To point five of the opinion, Appellant cited: Ex Parte

Wilson, (Okla.) 119 Pac. 596; Ex parte Crane, 27 Ida. 671, 151 Pac. 1006; Crane v. Campbell, ... U. S. ..., 62 L. Ed. 95.

Respondent cited: Ex parte Crane 27 Ida. 671, 151 Pac. 1006; 62 L. ed. 95.

SMITH, J. Appeal from a judgment of conviction in the municipal court of the city of Sioux Falls, upon an information charging the accused with a violation of section 44 of chapter 281, Laws 1917. So far as material here, that section declares:

"It shall be unlawful for any person to keep or have for personal use or otherwise, or to use * * * intoxicating liquors in any road, street, alley or other public place."

The information alleges that the defendant—
"did wilfully and unlawfully have in his possession in a public place, namely, the Great Northern Passenger Station, in said city of Sioux Falls, certain intoxicating liquors, namely, eleven quarts of whiskey and one quart of alcohol."

[1] Trial was by the court upon stipulated facts. No motion for a new trial was made, and therefore no question as to the sufficiency of the facts to warrant a conviction is before us.

[2] Appellant contends that section 44, supra, is unconsitutional: First, for the reason that the act is in contravention of article 24 of the Constitution, in that the article does not grant to the Legislature authority to forbid the having in possession of intoxicating liquors, and that the specific provisions of the article can neither be extended nor limited by the Legislature. Second, for the reason that the specific matter charged in the information—viz. the having in possession of intoxicating liquors in a public place—is a subject not expressed in the title of the act, in contravention of section 21, art. 3, of the Constitution. It is settled law that the state Constitution is not a grant of, but a limitation upon, legislative power, and that the Legislature possesses plenary legislative power in the absence of constitutional limitations. Appellant relies upon the case of State v. Becker, 3 S. D. 29, 51 N. W. 1018, to sustain his first contention, and quotes therefrom the following language:

"In the matter, however, of the manufacture, sale and keeping of intoxicating liquors as a beverage the Legislature itself has no discretion except as to the particular measures to be em-

ployed for the enforcement of the prohibition declared in the Constitution."

This language must be understood and construed in connection with the question then before this court. Article 24 of the Constitution as it then existed declared that:

"No person or corporation shall manufacture, or aid in the manufacture for sale, any intoxicating liquor; no person shall sell or keep for sale, as a beverage any intoxicating liquor. The Legislature shall by law prescribe regulations for the enforcement of the provisions of this section and provide suitable and adequate penalties for the violation thereof."

To carry into execution this constitutional mandate, the Legislature enacted chapter 101, Laws 1890, under the following title:

"An act to prescribe regulations for the enforcement of the provisions of article 24, of the Constitution of the state of South Dakota entitled 'prohibition,' and to prescribe penalties for the unlawful manufacture, sale, keeping for sale, and use of intoxicating liquors and to regulate the sale, barter, and giving away of such liquors for medical, scientific, sacramental and mechanical purposes."

Becker was charged under section 13 of the act, which declared all places where intoxicating liquor were sold in violation of the act to be public nuisances. It was contended upon appeal that article 24 of the Constitution was the subject of the legislative act, and that the Legislature was without authority to include in the title of the act another subject, to wit, nuisances or to forbid the use of intoxicating liquors. The language of the court above quoted was used in connection with a discussion of these questions, and is in effect a declaration that the Legislature had no discretion to modify the constitutional inhibition of the manufacture of, or the sale or keeping for sale of, intoxicating liquors as a beverage, but that under the title of the act, such legislative discretion, in obeying the constitutional mandate, extended only to the particular means or measures to be employed for the enforcement of the prohibition declared in the Constitution. But the court also decided that the charge against the accused was not predicated upon any provision of the act which might be held to be unconstitutional, but upon one of its provisions which was germane to the enforcement of the constitutional inhibition, and

that even though the act may have contained separable provisions as to the use of intoxicating liquors which might be held unconstitutional, yet the accused could not take advantage of the unconstitutionality of other provisions which were not involved in the charge against himself. That case affords no support for appellant's contention. It does, however, decide that any provisions germane to the main purpose of an act as expressed in its title are constitutional, and we are of the view that this proposition is decisive of this appeal.

[3]    One of the purposes of the act (chapter 281, Laws 1917), as expressed in its title, is "regulating the traffic in intoxicating liquors." Neither article 24 of the Constitution nor chapter 281, Laws 1917, prohibits traffic in intoxicating liquors for purposes deemed legitimate, viz. for medicinal, mechanical, sacramental, or scientific purposes. Transportation for such purposes is not forbidden, and is therefore lawful. But to safeguard traffic and transportation for such legitimate purposes, the act of 1917 contains various provisions specifying the mode of selling, buying, and transporting such intoxicating liquors. To accomplish the purpose of the act the transportation of such liquors is required to be by common carriers, who in all cases are required to conform to specific regulations. The having in possession in public places of such liquors by persons other than common carriers is therefore clearly germane to the general purpose which is expressed in the title of the act "regulating" the legitimate traffic in intoxicating liquors. The accused was not shown to be a common carrier. State v. Morgan, 2 S. D. 32, 48 N. W. 314; State v. Carlisle, 30 S. D. 475, 139 N. W. 127; State v. McPherson, 30 S. D. 547, 139 N. W. 368.

[4]    Appellant further contends that the act imposes excessive fines and cruel punishments contrary to section 23, art. 6, of the Constitution. The question has been settled in this state. State v. Becker, supra; State v. Stumbaugh, 28 S. D. 50, 132 N. W. 666. Appellant also urges that the act violates section 2, art. 6, of the Constitution, which declares that:

"No person shall be deprived of life, liberty or property without due process of law"—citing Ex parte Wilson, 6 Okl. Cr. 451, 119 Pac. 596.

A statute of that state prohibited the keeping in possession of intoxicating liquors. The court said:

"It will be observed that this provision has no reference to the intent or purpose for which the liquor is kept in possession, but it denounces as a crime the simple fact that the liquor is kept in possession for another, however innocent the act or commendable the purpose."

The decision holds the act to be an abridgment of the personal liberty of the citizen, citing among others the case of Commonwealth v. Campbell, 133 Ky. 50, 117 S. W. 383, 24 L. R. A. (N. S.) 172, 19 Ann. Cas. 159, in which that court said:

"The history of our state from its beginning shows that there was never even the claim of a right on the part of the Legislature to interfere with the citizen using liquor for his own comfort, provided that in so doing he committed no offense against public decency by being intoxicated; and we are of opinion that it never has been within the competency of the Legislature to so restrict the liberty of the citizen"—citing the Bill of Rights.

The rule thus broadly stated has long since been overturned, and an extended discussion of the subject would serve no useful purpose. Crane v. Campbell, 245 U. S. 304, 38 Sup. Ct. 98, 62 L. Ed. 95; Clark Distilling Co. v. Railway Co., 242 U. S. 311, 37 Sup. Ct. 180, 61 L. Ed. 326, L. R. A. 1917B, 1218, Ann. Cas. 1917B, 845. In the Crane Case, supra, the United States Supreme Court said:

"And, considering the notorious difficulties always attending upon efforts to suppress traffic in liquors, we are unable to say that the challenged inhibition of their possession was arbitrary and unreasonable, or without relation to the legitimate legislative purpose. We further think it clearly follows from our numerous decisions upholding prohibition legislation that the right to hold intoxicating liquors for personal use is not one of those fundamental privileges of a citizen of the United States which no state may abridge. A contrary view would be incompatible with the undoubted power to prevent manufacture, gift, sale, purchase or transportation of such articles—the only feasible ways of getting them. An assured right of possession would necessarily im-

ply some adequate method to obtain not subject to destruction at the will of the state."

Section 2, art. 6, of our state Constitution is the same in substance and effect as, and in words almost identical with, the last clause of the Fourteenth Amendment to the United States Constitution, and should be given a like interpretation.

The order and judgment of the trial court are affirmed.