[Crim. No. 689.   Second Appellate District, Division Two.—January 21, 1920.]

## THE PEOPLE, Respondent, v. PABLO VELARDE, Appellant.

[1] COUNTIES—TRANSPORTATION OF INTOXICATING LIQUORS—POWER OF SUPERVISORS TO REGULATE.—The board of supervisors has the power to provide that no package or consignment of intoxicating liquors shall be brought into or transported through the county unless a prescribed label showing the true name and quantity of each kind of liquor therein contained, and the names and addresses of the consignor and consignee, shall have been placed thereon before leaving the place of business of the person furnishing the package of liquor, even though that place be in another county.

[2] ID.—SCOPE OF POLICE POWERS.—The police power vested in every county by section 11, article XI, of the constitution is as broad as

that vested in the legislature itself, subject to the two exceptions that it is local to the county and that it is subject to the general laws.

[3] ID.—POWER TO PROHIBIT SALE OF INTOXICATING LIQUORS.—A county, in the exercise of its police power, may prohibit the selling of intoxicating liquors within its jurisdiction.

[4] ID.—SUPPRESSION OF PUBLIC EVIL — ADOPTION OF REASONABLE MEASURES.—When a county, asserting its recognized authority, undertakes to suppress what it is free to regard as a public evil, it may adopt such measures having reasonable relation to that end as it may deem necessary in order to make that action effective. It does not follow that because a transaction, separately considered, is innocuous, it may not be included in a prohibition the scope of which, in the legislative judgment, is regarded as essential to the accomplishment of the primary purpose of the enactment.

[5] ID.—REVIEW OF LEGISLATIVE JUDGMENT BY COURTS.—With the wisdom of the exercise of the legislative judgment the court has no concern; and, unless it clearly appears that the ordinance has no substantial relation to a proper purpose, it cannot be said that the limit of legislative power has been transcended.

[6] ID.—REGULATING TRANSPORTATION OF INTOXICATING LIQUORS—REASONABLENESS OF ORDINANCE.—There is nothing unreasonable or oppressive about a county ordinance which declares that it shall be unlawful for any person to carry or tranport into the county "any intoxicating liquor without having placed upon each package and consignment thereof a mark or label showing the true name and quantity of each kind of liquor therein contained, and the names and addresses of the consignor and consignee, . . . and all such packages shall be so marked and labeled before leaving the place of business of the person . . . so furnishing, shipping or delivering the same, provided, however, that this section shall have no reference to interstate commerce passing through the county."

[7] ID.—EXTRATERRITORIAL SCOPE OF COUNTY ORDINANCE.—Such an ordinance does not constitute an attempted exercise of police power beyond the county's limits, but operates only within the county to prevent the act of carrying or transporting through or across the county any intoxicating liquor that has not been marked or labeled in the prescribed manner.

[8] ID.—NONEXEMPTION OF INCORORPORATED TERRITORY—VALIDITY OF ORDINANCE.—A county police regulation is not void merely because the ordinance does not expressly exempt from its operation the territory of all the incorporated cities and towns within the county. A failure to expressly exempt from an ordinance territory over which the county cannot exercise its police powers is not evincive of an attempt to assert the county's authority over such territory.

[9] ID.—ADOPTION OF REASONABLE REGULATIONS — IMPAIRMENT OF RIGHTS OF INDIVIDUALS.—As a means of preventing the illegal sale of liquor within the county, outside of municipal corporations, the county has the right to prescribe any reasonable regulation as a condition to the exercise of the right to bring liquor into or transport it across any part of the county, even though such liquor be owned by the person bringing it into the county and it be intended for his own personal use.

[10] ID.—INVALIDITY OF SEPARATE PROVISION OF ORDINANCE — REMAINDER ENFORCEABLE.—The fact that there is a conflict between the penalty provided by a given section of a county ordinance for a particular offense and the penalty provided by the state law for the same offense cannot affect the validity of other sections of the ordinance. A county ordinance, like a legislative statute, may be good in part and upheld, while a part may be illegal and void; and if there are several provisions of an ordinance, some of which are void and others valid, and a penalty is provided applying to each offense separately, the ordinance may be enforced as to the offenses respecting which it is valid, just as if the void parts never had been incorporated therein.

[11] ID.—PROSECUTION FOR VIOLATION OF ORDINANCE—FAILURE TO OBJECT TO OFFER OF COPY IN EVIDENCE—PRESUMPTIONS.—Where no objection is made to the offer in evidence of a copy of a county ordinance, and the ordinance is thereupon introduced in evidence, the failure to object to its introduction must be construed as an admission that it was competent evidence, and that all essential prerequisites to make it an existing and operative by-law of the county had been complied with.

[12] ID.—OFFER OF BRIBE—CONSCIOUSNESS OF GUILT—EVIDENCE.—In a prosecution for the violation of a provision of a county ordinance regulating the carrying and transportation of intoxicating liquors within its boundaries, evidence that soon after the arrest the defendant offered the arresting officer a sum of money if he would let him go is admissible as an admission tending to show consciousness of guilt.

[13] ID.—LOCUS DELICTI—SUFFICIENCY OF INFORMATION.—In such a prosecution it is not necessary that the information should specifically allege that the offense was committed outside of an incorporated city or town. It is sufficient if it follows the language of the ordinance.

[14] ID.—LOCUS DELICTI WITHIN COUNTY—JUDICIAL NOTICE.—Where the defendant, while actually violating a provision of the ordinance, is arrested at a spot on a well-known highway within the county, about a mile and a half from a given town, the court will take judicial notice that such place is not within the limits of any incorporated city or town.

[15] ID.—IMPRISONMENT IN DEFAULT OF PAYMENT OF FINE — ERRO-
NEOUS JUDGMENT.—Where such an ordinance provides that a person
convicted of a violation of any of its provisions shall be fined not
more than a given sum, or be imprisoned in the county jail for not
more than a given period, or be punished by both such fine and im-
prisonment, and a judgment of both fine and imprisonment are
imposed, the court is without power to further order that in
default of the payment of the fine the defendant is "to serve
out this sentence in the county jail at the rate of two dollars per
day."

APPEAL from a judgment of the Superior Court of
Riverside County. Hugh H. Craig, Judge. Modified and
affirmed.

The facts are stated in the opinion of the court.

M. Estudillo and R. A. Moore for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy
Attorney-General, and Loyal C. Kelley for Respondent.

FINLAYSON, P. J.—Upon an information, filed in the su-
perior court of Riverside County, defendant was convicted
of a violation of section 5 of an ordinance of that county,
whereby it is provided that "it shall be unlawful for any
person . . . to carry, haul, transport, furnish, deliver or
ship into the county of Riverside or through, over or across
any portion of said county . . . any intoxicating liquor
without having placed upon each package and consignment
thereof a mark or label showing the true name and quantity
of each kind of liquor therein contained, and the names and
addresses of the consignor and consignee, . . . and all such
packages shall be so marked and labeled before leaving the
place of business of the person . . . so furnishing, shipping
or delivering the same, provided, however, that this section
shall have no reference to interstate commerce passing
through the county."

The information charges that defendant "did . . . carry
and transport a quantity of intoxicating liquors through,
over and across the county of Riverside, without having
placed on each package and consignment" the mark or
label required by the ordinance. Defendant was found
guilty as charged. He was sentenced to the county jail for

the period of two months, and, in addition, to pay a fine of five hundred dollars, and, if in default in payment of the fine, to "serve out this sentence in the county jail at the rate of two dollars per day."

Prohibition of the liquor traffic within the county is the primary purpose of the ordinance. Section 1 thereof declares that the sale, gift, or delivery of alcoholic or intoxicating liquors within the boundaries of the county, outside of municipal corporations, is prohibited. Section 5, the provisions of which defendant is charged with having violated, evidently was intended to facilitate the enforcement of the prohibitory provisions contained in section 1. Defendant attacks the constitutionality of section 5 upon a number of grounds, none of which, we think, is tenable.

[1] The board of supervisors has the power to provide that no package or consignment shall be brought into or transported through the county unless the prescribed label shall have been placed thereon before leaving the place of business of the person furnishing the package of liquor, even though, as here, that place be in another county, namely, the city of Los Angeles. [2] Section 11, article XI, of the constitution reads: "Any county, city, town or township may make and enforce within its limits all such local, police, sanitary and other regulations as are not in conflict with the general laws." Thus there is vested in every county police power by direct grant under the constitution. The power thus conferred is as broad as that vested in the legislature itself, subject to these two exceptions: that it is local to the county or municipality, as the case may be, and is subject to general laws. The board of supervisors of Riverside County was, therefore, vested with the right to exercise within its jurisdiction "the entire police power of the state, subject only to the control of the general laws." (*In re Isch*, 174 Cal. 180, [162 Pac. 1026]. See, also, *Ex parte Campbell*, 74 Cal. 20, [5 Am. St. Rep. 418, 15 Pac. 318]; *Odd Fellows' Cem. Assn.* v. *San Francisco*, 140 Cal. 226, [73 Pac. 987].) [3] That the county, in the exercise of its police power, may prohibit the selling of intoxicating liquors within its jurisdiction is undoubted. [4] It also is well established that when a county, asserting its recognized authority, undertakes to suppress what it is free to regard as a public evil, it may adopt such measures having

reasonable relation to that end as it may deem necessary
in order to make that action effective. It does not follow
that because a transaction, separately considered, is innocu-
ous, it may not be included in a prohibition the scope of
which, in the legislative judgment, is regarded as essential
to the accomplishment of the primary purpose of the enact-
ment. **[5]** With the wisdom of the exercise of the legisla-
tive judgment the court has no concern; and, unless it
clearly appear that the ordinance has no substantial rela-
tion to a proper purpose, it cannot be said that the limit of
legislative power has been transcended. To hold otherwise
would be to substitute judicial opinion of expediency for
the will of the law-making body—a notion foreign to our
constitutional system. (*Purity Extract etc. Co.* v. *Lynch,*
226 U. S. 192, [57 L. Ed. 84, 33 Sup. Ct. Rep. 44, see, also,
Rose's U. S. Notes].) Clearly, if a mark or label, such
as is required by this ordinance, be put upon every pack-
age or consignment of intoxicating liquor that is brought
into or transported through or across the county, it will
greatly facilitate the enforcement of the ban which section
1 of the ordinance places upon the sale of intoxicating
liquors within the county. Experience has shown that the
ingenuity of man is such that it is almost impossible to
draft a prohibition law so broad in its scope that some
method cannot be devised for evading it; and, no doubt,
it was deemed necessary to prohibit intoxicating liquors from
being brought into or transported over or across the county
without the prescribed mark or label in order that the real
purpose of the ordinance, the prohibition of the liquor
traffic within the county, might be attained. It is obvious
that if the consignor is required to put the mark or label
on the package at his place of business, wherever it may be,
it will greatly facilitate the detection, and, therefore, the
prevention, of "bootlegging" and similar illicit liquor sales.
If a person should be found traversing the county with
packages of intoxicants which, on inspection, appeared to
be labeled as required by the ordinance, his *bona fides* could
readily be ascertained by instantly telephoning or telegraph-
ing to the consignor's place of business, even though it
were outside the county, and thus the authorities could as-
certain whether the liquor really was intended for a *bona
fide* sale and delivery to some person at some place where

such sale and delivery would be legal—that is, legal at the time when this information was laid, which was prior to the operation of the eighteenth amendment and the recent sweeping national prohibition legislation.

[6]   There is nothing unreasonable or oppressive about the ordinance or in the penalties provided for a violation of its provisions.

[7]   The ordinance is not an attempted exercise of police power beyond the county's limits. The purpose of that part of the ordinance under which defendant is charged is to prevent the transportation of intoxicating liquor across the county unless it be marked with a certain prescribed label. It operates only upon an act done within the county, namely, the act of carrying or transporting through or across the county any intoxicating liquor that has not been marked or labeled in the prescribed manner. If a person bringing intoxicating liquor into the country does not choose to place the prescribed label upon the packages, the result merely is that he cannot bring the liquor into or transport it across any part of the county. The ordinance, therefore, has no extraterritorial operation, and there has been no attempt to give it any such effect. (*State* v. *Nelson,* 66 Minn. 166, [61 Am. St. Rep. 399, 34 L. R. A. 318, 68 N. W. 1066].)

[8]   It is not essential to the validity of section 5 that it should expressly exclude incorporated cities and towns from its operation. For the purpose of this decision we shall assume that none of the police power that the constitution has directly granted to the county can be exercised within the limits of any incorporated city or town in the county, irrespective of whether any city or town has or has not exercised its police powers in such a manner that the regulations of the two political entities necessarily must conflict if each be enforced—an assumption, however, that runs counter to what seems to be an intimation in *Ex parte Mansfield,* 106 Cal. 403, [39 Pac. 775], to the effect that a county ordinance, passed in the exercise of the county's police powers, is inoperative within the limits of a city or town in the county when, and only when, its enforcement would annul or supersede some regulation of the city or town made in the exercise of its police powers. But, notwithstanding the assumption we have thus made in favor

of appellant, a county police regulation is not void merely because the ordinance does not expressly exempt from its operation the territory of all the incorporated cities and towns within the county. If, as appellant's counsel assume, the county, in the exercise of its police powers, never can extend its jurisdiction over territory embraced within the limits of any incorporated city or town, nevertheless, it is not necessary to the validity of the ordinance that it shall expressly exempt from its operation that over which it can have no jurisdiction. A failure thus to expressly exempt from the ordinance territory over which, according to appellant's contention, the county cannot exercise its police powers, is not evincive of an attempt to assert the county's authority over such territory.

[9] There is no merit in the contention that section 5 is unconstitutional merely because it may operate to prohibit the untrammeled transportation through or across the county of liquor that is the property of the person so transporting it, intended for his own personal use and not for sale or illegal disposition within the bounds of the county. If the liquor be the personal property of a person, intended for a legitimate use by him, the requirement of section 5 does not for that reason deprive him of any constitutional right. It is well settled that, in legislating in behalf of public morals, health or safety, the state, or a county, by reason of its police power, may enact laws or ordinances that incidentally impair property value. Here the impairment of property value, if any there may be, is most certainly not the primary object of the ordinance. If there is any such impairment of property right, it is solely because it is a necessary incident to the main purpose. As a means of preventing the illegal sale of liquor within the county, outside of municipal corporations, the county has the right to prescribe any reasonable regulation as a condition to the exercise of the right to bring liquor into or transport it across any part of the county, even though such liquor be owned by the person bringing it into the county and it be intended for his own personal use. (*Crane* v. *Campbell*, 245 U. S. 304, [62 L. Ed. 304, 38 Sup. Ct. Rep. 98]; *Barbour* v. *Georgia*, 146 Ga. 667, [2 A. L. R. 1095, 92 S. E. 70]; affirmed, 249 U. S. 454, [63 L. Ed. 704, 39 Sup. Ct. Rep. 316]; *Ex parte Zwissig*, 42 Nev. 360, [178

Pac. 20]; *State* v. *Brown,* 40 S. D. 372, [167 N. W. 400];
*Fitch* v. *State,* 102 Neb. 361, [167 N. W. 417].)

[10]  Nor is there any merit in the contention that the
ordinance is void by reason of an asserted conflict between
the penalty provided by the ordinance for a violation of
section 9 thereof and the penalty provided by the state law
for a violation of the act to prevent the sale of intoxicating
liquor to persons addicted to the inordinate use thereof.
(Stats. 1915, p. 49.)  Assuming, for the purpose of this
decision only, that, as contended by appellant, section 9
of the ordinance and the general law enacted by the state
legislature to prevent the sale of intoxicating liquors to per-
sons addicted to the inordinate use of such liquors cover
the same matter, and assuming also that, for this reason,
there is a conflict between the penalty provided by the or-
dinance and that provided by the general statute for the
same offense, and that, for this reason, section 9 of the
ordinance is void, nevertheless, such conflict, if any there
be, cannot affect the validity of the section under which
defendant has been prosecuted—section 5.  A county or-
dinance, like a legislative statute, may be good in part and
upheld, while a part may be illegal and void; and if there
are several provisions of an ordinance, some of which are
void and others valid, and a penalty is provided apply-
ing to each offense separately, the ordinance may be
enforced as to the offenses respecting which it is valid,
just as if the void parts never had been incorporated
therein.  (*Ex parte Christensen,* 85 Cal. 208, [24 Pac.
747]; *Ex parte Mansfield, supra.*)

For these reasons we are satisfied that that part of the
ordinance under which defendant was prosecuted is a valid
and constitutional by-law of the county of Riverside.

[11]  At the trial the district attorney offered in evi-
dence a copy of the ordinance.  Defendant made no objec-
tion to the offer.  Thereupon the ordinance was introduced
in evidence.  It is now claimed, for the first time, that there
is a failure of proof, in that there was no evidence of pub-
lication of the ordinance.  Doubtless the ordinance was not
admissible in evidence until the prosecution had first made
preliminary proof of its publication and of any other fact
that might be a necessary prerequisite to the existence of an
operative ordinance.  But, without objection, it was re-

ceived in evidence as an ordinance that had been duly
adopted and had become operative. It is too late now to
raise the point that its adoption was not attended by every
act necessary to make it operative as an ordinance of the
county. The failure to object to its introduction must be
construed as an admission that it was competent evidence,
and that all essential prerequisites to make it an existing
and operative by-law of the county had been complied with.
(*Flora* v. *Lee,* 5 Ill. App. 629.)

[12] Appellant complains that the court erred in per-
mitting the introduction in evidence of a shotgun that
was in his automobile at the time of his arrest. Witnesses
for the prosecution testified about the shotgun, but it was
not introduced in evidence. There is, therefore, no basis for
the objection. It likewise is claimed that the court erred in
permitting a witness for the prosecution, one of the arrest-
ing officers, to testify that, soon after the arrest, defendant
offered the witness two hundred dollars if he would let
him go. Such evidence, like evidence of flight, is admissible
as an admission tending to show consciousness of guilt. It
is not to be supposed that one who is innocent, and con-
scious of the fact, will resort to bribery. (*State* v. *Case,*
93 N. C. 545, [53 Am. Rep. 471]; *Turpin* v. *Commonwealth,*
140 Ky. 294, [140 Am. St. Rep. 378, 30 L. R. A. (N. S.)
794, 130 S. W. 1086]; 16 C. J. 556.)

[13] It was not necessary that the information should
specifically allege that the offense was committed outside of
an incorporated city or town. It followed the language of
the ordinance, and that was sufficient. [14] The evidence
showed that the offense was, in fact, committed in the
county of Riverside and outside of any incorporated city or
town. Defendant, while actually violating section 5 of the
ordinance, was arrested at a spot on a well-known highway,
about a mile and a half east of Wineville. The court will
take judicial notice that that place is not within the limits
of any incorporated city or town.

A careful examination of the record convinces us that
defendant had a fair and impartial trial, free from any
prejudicial error.

[15] There is, however, one part of the judgment ap-
pealed from that is manifestly void. That is the portion
ordering the retention of defendant in custody until he

45 Cal. App.—34

pay the fine. There is nothing in the ordinance itself that authorizes any such method for enforcing payment. Nor is there any statute giving the court power to impose the alternative of imprisonment in default of payment of the fine, where, as here, the fine is coupled with a sentence of imprisonment. The penal clause of the ordinance provides that a person convicted of a violation of any of its provisions shall "be fined in the sum of not more than six hundred dollars, or be imprisoned in the county jail of Riverside county for not more than seven months, or be punished by both such fine and imprisonment." When the county legislative body has said that imprisonment shall not exceed a certain term, it ought not to be held that, after the court has imposed both a fine and a term in jail, it can imprison beyond the maximum period provided by the ordinance. And yet that is precisely what could be done if it were held that, under this ordinance, the court could punish by both fine and imprisonment and likewise enforce payment of the fine by further imprisonment until the fine should be paid. (See the reasoning of Mr. Justice McFarland in *Ex parte Wadleigh,* 82 Cal. 521, [23 Pac. 190].) Nor can this part of the sentence be upheld under section 1205 of the Penal Code. That section does not apply to cases in which the judgment is for a fine coupled with a sentence of imprisonment. (*Ex parte Rosenheim,* 83 Cal. 388, [23 Pac. 372]; *People* v. *Brown,* 113 Cal. 35, [45 Pac. 181].)

The judgment is modified by striking out that part thereof which provides that, in default of payment of the fine, the defendant "serve out this sentence in county jail at the rate of two dollars per day." As thus modified, the judgment is affirmed.

Sloane, J., and Thomas, J., concurred.