[No. B214134. Second Dist., Div. Three. Jan. 18, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE MARDOQUEO ARMAS, Defendant and Appellant.

COUNSEL

Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Chung L. Mar and Michael R. Johnsen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**CROSKEY, J.**—Defendant and appellant Jose Mardoqueo Armas was convicted, following a plea of nolo contendere, of one count of lewd conduct with a person under 14.[1] Pursuant to a plea agreement, defendant was sentenced to probation, subject to several conditions, including sex offender registration.[2] Defendant was released from jail immediately following sentencing. Less than two months later, defendant was arrested for violating the Sex Offender Registration Act (the Act) (Pen. Code, § 290 et seq.). His probation was revoked and the matter set for a probation violation hearing. Defendant was also charged by information with three violations of the Act; his probation violation hearing trailed the proceedings in the new case. A jury found defendant guilty of all three counts; the trial court subsequently concluded defendant had violated probation and declined to reinstate probation. Defendant appeals from his conviction for violating the Act and from

---

[1] According to the preliminary hearing transcript, defendant's wife came home to discover defendant and his 10-year-old stepdaughter in bed together without any underwear. Defendant admitted to the investigating officer that he had been "turned on," when the girl removed her underwear, and that if his wife had not interrupted, "it could have gone further."

[2] Other conditions were that defendant had to serve one year in jail, stay away from his victim, and participate in one year of sex offender counseling.

the probation violation. Defendant contends insufficient evidence supports the conclusion that he violated the Act (and that the jury was misinstructed). We agree with defendant's contentions with respect to two counts of violating the Act, but the third count is well supported. We thus reverse defendant's conviction of two counts and remand for resentencing. We affirm the probation violation.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. Overview of the Requirements of the Act

Before we discuss the factual and procedural background of this case, a brief discussion of the relevant sex offender registration requirements is useful. A person subject to the Act must register for the rest of his or her life while residing in California. (Pen. Code, § 290, subd. (b).) The sex offender must register with the chief of police of the city in which he or she is residing, or with the sheriff of the county if he or she is residing in an unincorporated area or a city that has no police department. (*Ibid.*) Registration must be made within five working days of "coming into, or changing his or her residence within" any city, county, or city and county. (*Ibid.*) After an offender has initially registered with an agency, the offender must annually update his or her registration within five working days of his or her birthday. (Pen. Code, § 290.012, subd. (a).)

As the agency with which an offender must register is determined by the location of an offender's residence, the meaning of "residence," as used in the Act, is significant. The Act defines the term to mean "one or more addresses at which a person regularly resides, regardless of the number of days or nights spent there, such as a shelter or structure that can be located by a street address, including, but not limited to, houses, apartment buildings, motels, hotels, homeless shelters, and recreational and other vehicles." (Pen. Code, § 290.011, subd. (g).) If an offender has no residence, that person is considered to be "transient," within the meaning of the Act. (§ 290.011, subd. (g).) A transient subject to the Act is to make his or her initial registration within five days from the release from incarceration or release on probation. (Pen. Code, § 290.011, subd. (a).) If the transient is not present in any one jurisdiction for five consecutive working days, he or she shall register in the jurisdiction in which he or she is physically present on the fifth working day following release. (*Ibid.*) While offenders with residences must reregister annually, transients are required to reregister *every 30 days*. (*Ibid.*) Parallel to the provisions governing the registration of offenders with residences, transient offenders are to reregister with the chief of police of a city, if physically present in the city during that 30-day period, or with the sheriff of the county, if present in an unincorporated area or a city that has no police department. (*Ibid.*)

■ If an offender with a residence changes his or her residence in California, the offender must make a new registration (whether or not the new residence is in a new jurisdiction) within five working days of making the change. (Pen. Code, § 290, subd. (b).) Similarly, if a transient offender moves to a residence, the offender has five working days within which to register at the new address. (Pen. Code, § 290.011, subd. (b).) Moreover, an offender who was last registered at a residence address who leaves that residence must inform the law enforcement agency *with which he or she was last registered* of the move. (Pen. Code, § 290.013, subd. (a).) This provision also applies if the offender who previously registered at a residence has now become transient. (*Ibid.*)

■ In sum, an offender subject to the Act must make his or her first registration, whether as a person with a residence or a transient, within five working days. If an offender subject to the Act obtains a new residence (either from an old residence or the state of being transient), the offender must register at the new residence within five working days. If an offender subject to the Act was registered at a residence and moves from that location, the offender must notify the previous registering agency within five working days. Transients, who have no residence, must update their registration every 30 days, unless they obtain a residence, in which case they must register within five days of doing so.[3]

Within this framework, we now turn to the factual and procedural background of the instant case.

### 2. *Underlying Facts*

Defendant was released from jail in the lewd conduct case on July 24, 2008. On July 25, 2008, he began living at the Whittier-Atlantic Hotel, located at 5379 Whittier Boulevard, in East Los Angeles. The Whittier-Atlantic Hotel has a contract with the Los Angeles County Department of Public Social Services to provide temporary lodging for people who do not have any other place to live. The county gives eligible individuals vouchers, which the hotel owner then submits in order to obtain payment.

---

[3] As we discuss later in the opinion, this court ultimately referred to an interactive Web site tool provided by the Los Angeles County Department of Regional Planning in order to determine whether a location at which defendant resided was within the City of Los Angeles or an unincorporated area of Los Angeles County—a determination which controls the authority with which defendant was required to register. We question whether offenders subject to the Act generally will have access to the resources necessary to make this determination, and suggest that the Legislature consider simplifying the requirements of sex offender registration, so that an offender subject to the Act can more easily determine the authority with which he or she must register.

On July 28, 2008, defendant went to the East Los Angeles sheriff's station, in order to register as a sex offender. Sex offender registration is handled at the station by Detective David Magdaleno. He performs registrations on Wednesdays, but will also register offenders by appointment on other days. Detective Magdaleno was unable to register defendant on July 28, 2008, which was a Monday, and made an appointment for defendant to return on August 4, 2008. Detective Magdaleno gave defendant a small piece of paper, which defendant could then show his probation officer, indicating that defendant had tried to timely register and was unable to do so because Detective Magdaleno could not perform the registration at that time.

On July 30, 2008, defendant went to the East Los Angeles area probation office. He showed the office the paper from Detective Magdaleno, and was given instructions on sex offender registration and being on probation. The intake officer then assigned defendant's case to Deputy Probation Officer Octavio Soto, although Deputy Probation Officer Soto did not meet with defendant at that time.

On August 4, 2008, defendant met with Detective Magdaleno to make his initial registration. Defendant did not tell Detective Magdaleno that he was a transient. Instead, defendant gave Detective Magdaleno his address at the Whittier-Atlantic Hotel. Detective Magdaleno completed the initial registration form for defendant as an annual registrant; defendant signed it. Detective Magdaleno explained, in detail, defendant's further registration obligations.[4] Detective Magdaleno gave defendant a card as proof of his completed registration.

Defendant had obtained only two weeks' worth of vouchers from the department of social services. Thus, the county paid for his stay at the Whittier-Atlantic Hotel only through August 7, 2008. The record does not indicate where defendant stayed that night, or for the next 19 days.[5]

On August 12, 2008, Deputy Probation Officer Soto sent a letter to defendant, at the Whittier-Atlantic Hotel, directing defendant to report to his office. On August 18, 2008, the letter was returned as undeliverable. Deputy Probation Officer Soto had a cellular telephone number for defendant, and called the number. Defendant answered and Deputy Probation Officer Soto asked defendant about his whereabouts. Defendant told Deputy Probation Officer Soto that he was transient, and no longer staying at the hotel. Deputy

---

[4] Defendant did not dispute at trial, and does not dispute on appeal, that he was made aware of all of his registration obligations.

[5] In argument to the jury, the prosecutor conceded that defendant might have had some money which would have enabled him to remain at the Whittier-Atlantic Hotel once he ran out of vouchers.

Probation Officer Soto told defendant that he should report to the East Los Angeles sheriff's station to register as a transient. Defendant told Deputy Probation Officer Soto that he had 30 days to register his change of address; Deputy Probation Officer Soto corrected him and told him that he had only five days within which to make the new registration. Defendant told Deputy Probation Officer Soto that he would go in and register. Deputy Probation Officer Soto also made an appointment for defendant to come to the probation office on August 26, 2008.

Although defendant had told Deputy Probation Officer Soto that he would return to the East Los Angeles sheriff's station to register as a transient, he did not do so. Nor did he attempt to make an appointment with Detective Magdaleno to come in and update his registration.

On August 26, 2008, defendant met with Deputy Probation Officer Soto.[6] At this point, defendant told Deputy Probation Officer Soto that he was staying in a shelter in downtown Los Angeles. In recognition of the fact that defendant was now staying in the City of Los Angeles, rather than in an unincorporated area, Deputy Probation Officer Soto told defendant that he would have to register with the Los Angeles Police Department. Deputy Probation Officer Soto told defendant to do so within five working days.

On September 4, 2008, defendant telephoned Detective Magdaleno to make an appointment to register. On September 8, 2008, defendant telephoned again, attempting to make an appointment. However, he never personally went to the East Los Angeles sheriff's station to register at any time after his initial August 4, 2008 registration.

### 3. *The Charges*

Defendant was taken into custody and arraigned on the instant offenses on September 12, 2008. Defendant was ultimately charged, by amended information, with three counts of violating the Act: (1) failure to file a registration after an address change (Pen. Code, § 290, subd. (b)); (2) failure to file a change of address with the initial registering agency (Pen. Code, § 290.013, subd. (a)); and (3) failure of a former registrant with an address to file as a transient (Pen. Code, § 290.011, subd. (b)). It was also alleged that defendant had suffered one prior serious felony conviction within the meaning of Penal Code section 667, subdivisions (b) through (i).

### 4. *The Trial*

At the trial, the prosecution introduced testimony from Detective Magdaleno, Deputy Probation Officer Soto, and the owner/manager of the

---

[6] Defendant was six hours late for his appointment.

Whittier-Atlantic Hotel. Defendant offered no witnesses in his defense. Defendant's theory of the case was that he had always been a transient and Detective Magdaleno had erroneously registered him as having a residence. Defendant argued that his stay at the Whittier-Atlantic Hotel was, and had always been intended to be, temporary. As such, Detective Magdaleno should have registered him as a transient, and he therefore was not required to reregister until 30 days after his initial registration.[7] Out of the presence of the jury, defendant's counsel represented to the trial court that "the reason we're here" is that there was a triable issue of fact as to whether defendant was regularly residing in the Whittier-Atlantic Hotel. The jury would ultimately resolve this issue against defendant.

While Deputy Probation Officer Soto testified that he had told defendant he was required to register with the Los Angeles Police Department if he was living at a shelter in downtown Los Angeles, there was no evidence as to whether defendant had actually done so. The sole evidence regarding defendant's registration related to his registration (and attempts at registration) at the sheriff's station with Detective Magdaleno. Indeed, the jury was never instructed regarding the issue of the proper location of defendant's registration. CALCRIM No. 1170, the standard form jury instruction relating to failure to register, provides, in pertinent part, that the prosecution must prove that "[t]he defendant resided (in _____ <insert name of city>, California/in an unincorporated area or a city with no police department in _____ <insert name of county> County, California . . .)" Similarly, it requires that the prosecution prove that "[t]he defendant willfully failed to register as a sex offender with the (police chief of that city/sheriff of that county . . .) within five working days of (coming into/ [or] changing (his/her) residence within) that (city/county . . .)." The trial court, however, gave a modified version of CALCRIM No. 1170, which, as to these two elements, required the prosecution to prove only that "[t]he defendant resided in Los Angeles, California," and "[t]he defendant willfully failed to register as a sex offender with the sheriff of that county within five working days of changing his residence within that county." In other words, the jury was instructed that if defendant obtained a residence "in Los Angeles," he was required to register with the sheriff. A similar instruction was given with respect to the charge of failing to register as a transient.

### 5. Conviction and Sentencing

The jury found defendant guilty as charged. Defendant waived a jury on the prior conviction allegation and admitted it. Defendant was sentenced to the low term of 16 months on count one, doubled for the prior serious felony

---

[7] While defendant did not, in fact, reregister within 30 days of his initial registration, he was not charged with an offense for failing to do so.

conviction. Low term sentences on the other counts were stayed pursuant to Penal Code section 654. The trial court also found that defendant had violated his probation. Probation was revoked and not reinstated. Defendant was sentenced to the three-year low term on the lewd conduct conviction. The terms were to run concurrently. Defendant filed timely notices of appeal.

## CONTENTIONS ON APPEAL

Defendant contends the evidence is insufficient to support findings of guilt on all three counts of violating the Act; he also argues that the jury was misinstructed. Defendant contends that if this court concludes that his convictions on all three counts must be reversed, his probation violation must be reversed as well.

## DISCUSSION

### 1. *Standard of Review*

"In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738].) The federal standard of review is to the same effect: Under principles of federal due process, review for sufficiency of evidence entails not the determination whether the reviewing court itself believes the evidence at trial establishes guilt beyond a reasonable doubt, but, instead, whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Jackson* v. *Virginia* (1979) 443 U.S. 307, 317–320 [61 L.Ed.2d 560, 99 S.Ct. 2781].) The standard of review is the same in cases in which the prosecution relies mainly on circumstantial evidence. (*People* v. *Stanley* (1995) 10 Cal.4th 764, 792 [42 Cal.Rptr.2d 543, 897 P.2d 481].) ' "Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence [citations], it is the jury, not the appellate court[,] which must be convinced of the defendant's guilt beyond a reasonable doubt. ' "If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment." ' [Citations.]" ' [Citation.]" (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11 [82 Cal.Rptr.2d 413, 971 P.2d 618].)

### 2. *The Evidence Is Insufficient to Support the Conviction of Count One*

In count one, defendant was found guilty of failing to register his new address within five days of when he changed addresses. Defendant contends the evidence is insufficient to support the finding of guilt; the prosecution concedes the error; and we agree. The *only* evidence at trial of a new address for defendant was a shelter in downtown Los Angeles. Defendant was therefore required to register at this address with the Los Angeles Police Department within five working days of his moving to this address. There was no evidence that defendant failed to register with the Los Angeles Police Department.[8] Thus, defendant's conviction on this count must be reversed.

### 3. *The Conviction of Count Three Must Be Reversed for Instructional Error*

In count three, defendant was found guilty of failing to register as a transient within five days of when he became a transient. As with count one, defendant argues that he may have become a transient in the City of Los Angeles,[9] and there was no evidence that defendant failed to register as a transient with the Los Angeles Police Department.

The prosecution responds that there was evidence from which the jury could have inferred that defendant failed to register with *any* law enforcement agency within five working days of becoming a transient. Specifically, the prosecution points to the evidence that when defendant spoke to Deputy Probation Officer Soto on August 18, 2008 and said that he was a transient, defendant also stated his belief that he did not have to register for 30 days. The prosecution argues that, from this, a jury could infer that, by that date, defendant had not registered as a transient with any agency. The prosecution also argues that a jury could infer that defendant became a transient as soon as his vouchers ran out at the Whittier-Atlantic Hotel on August 7, 2008,[10] thus establishing that defendant did not register with any agency within five working days of becoming a transient.

---

[8] The prosecution notes there is also no evidence of the date defendant moved into the shelter.

[9] Defendant's counsel suggests that, when defendant told Deputy Probation Officer Soto that he was a transient on August 18, 2008, he was probably already sleeping at the downtown shelter.

[10] We note that this is contrary to the prosecution's argument at trial, where counsel suggested that defendant might have had enough money to stay at the Whittier-Atlantic Hotel for a short time. Giving defendant the benefit of the doubt, the prosecutor argued that defendant became a transient beginning on August 18, 2008.

While it is conceivable that a jury could have made these inferences, it is apparent that this jury did not, as it was not instructed that, in order to find defendant guilty, it had to find that defendant had failed to register as a transient with any agency other than the Los Angeles County Sheriff's Department. The jury was instructed with respect to this count that it could find defendant guilty if he "willfully failed to re-register as a transient with the sheriff of [Los Angeles C]ounty within five working days after becoming transient." There was no suggestion in the instruction that this applied only if defendant was a transient within the unincorporated area of Los Angeles County; nor was the jury instructed to determine whether defendant failed to register as a transient with the Los Angeles Police Department if it determined that he became a transient in the City of Los Angeles.[11] (Cf. *People v. Wallace* (2009) 176 Cal.App.4th 1088, 1101–1103 [98 Cal.Rptr.3d 618] [prosecution has not met its burden of establishing defendant failed to register if it establishes defendant failed to register anywhere in Cal. but fails to establish defendant resided, or was a transient, in Cal.].)

"In deciding whether a trial court's misinstruction on an element of an offense is prejudicial to the defendant, we ask whether it appears ' " 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.' " ' [Citation.] ' "To say that an error did not contribute to the verdict is . . . to find that error unimportant *in relation to everything else the jury considered on the issue in question, as revealed in the record.*" ' [Citation.]" (*People v. Hudson* (2006) 38 Cal.4th 1002, 1013 [44 Cal.Rptr.3d 632, 136 P.3d 168].) Here, we cannot conclude the error was not prejudicial. While the prosecution can envision an interpretation of the evidence which would support a jury conclusion that defendant failed to timely register as a transient in any jurisdiction, a properly instructed jury likewise could have concluded that defendant was a transient in the City of Los Angeles and the prosecution failed to establish defendant failed to register with the Los Angeles Police Department. As the jury was not asked to decide this issue, we conclude the error was prejudicial and this conviction must also be reversed.

### 4.  *The Conviction of Count Two Must Be Affirmed*

In count two, defendant was convicted of failing to notify the agency of his initial registration (the Los Angeles County Sheriff's Department) of his change of address within five days of moving. Unlike the other two counts,

---

[11] Indeed, the jury was simply instructed that, to find defendant guilty of this offense, it had to find a willful failure to reregister with the sheriff and that defendant had "previously registered using a residence . . . as a sex offender in the County of Los Angeles, California, with the sheriff of that county." In other words, the instruction was silent on the issue of the jurisdiction in which defendant became transient.

this count does not depend on the jurisdiction of defendant's new residence (or transient location). This is so because defendant was required to personally notify the sheriff's department of his move whether he moved within or outside the registration jurisdiction of the sheriff's department. (Pen. Code, § 290.013, subd. (a).)

Defendant's argument with respect to this count depends on the precise language of the statute. The subdivision applies to "[a]ny person who was last registered at a residence address pursuant to the Act who changes his or her residence address . . . ." (Pen. Code, § 290.013, subd. (a).) Defendant focuses on the phrase "pursuant to the Act." He argues that if the initial registration was improper, it was not "pursuant to the Act," so the provisions requiring notification of a move do not apply. Defendant argues both insufficiency of the evidence and instructional error. That is, he argues that his initial registration was *actually improper as a matter of fact*, and that the jury was not instructed that the issue of the propriety of his initial registration must be resolved.

As to the first issue, defendant argues that his initial registration with the Los Angeles County Sheriff's Department was improper, because the Whittier-Atlantic Hotel was in the City of Los Angeles, requiring registration with the Los Angeles Police Department, not the county sheriff. Defendant argues that his "registration of his Whittier Avenue address at the East Los Angeles Sheriff's Station [citations] was not a registration 'pursuant to the Act,' as required by section 290.013. It was an *ad hoc* registration, not covered by section 290, subdivision (b). It was as if appellant had registered with the state Department of Motor Vehicles, the Albuquerque, New Mexico Police Department, or the Kansas City Cannabis Club." Defendant argues that Detective Magdaleno erred by accepting defendant's registration, in that defendant's residence was, in fact, outside the registration jurisdiction of the county sheriff.

Defendant also argues that the jury was improperly instructed with respect to this element of this count, in that it was simply directed that it had to find that defendant "has previously registered [under] Penal Code section 290 as a sex offender in Los Angeles County, California with the sheriff of that county" and was not directed to determine whether that registration was a *proper* one.

The prosecution responds that the initial registration need not be "proper" in all respects in order for the obligation to notify the original registering agency of a move to arise. In passing, the prosecution notes that the Whittier-Atlantic Hotel is, in fact, located in an unincorporated area of the County of Los Angeles, rendering the registration proper.

■ We address defendant's legal argument first. We turn to the language of Penal Code section 290.013. The statute imposes the requirement to notify the initial registering agency of a move on "[a]ny person who was last registered at a residence address pursuant to the Act." It does not impose the requirement on any person who was "last *properly* registered at a residence pursuant to the Act," or even on any person who was "last registered at a residence *in compliance with the terms of* the Act." The plain language of the statute does not include the element defendant would require.

■ Moreover, we construe the language of the statute in the context of its purpose. "Supplemental address change information helps law enforcement agencies keep track of sex offenders who move within the same city or county or are transient. In large cities such as Los Angeles or huge counties like San Bernardino, where offenders can easily relocate without reregistering, [Penal Code section 290.013] seeks to prevent them from disappearing from the rolls. Ensuring offenders are 'readily available for police surveillance' [citation] depends on timely change-of-address notification. Without it law enforcement efforts will be frustrated and the statutory purpose thwarted. The statute is thus regulatory in nature, intended to accomplish the government's objective by mandating certain affirmative acts. Compliance is essential to that objective; lack of compliance fatal." (*Wright v. Superior Court* (1997) 15 Cal.4th 521, 527 [63 Cal.Rptr.2d 322, 936 P.2d 101].) It is apparent that this purpose is satisfied by requiring timely change-of-address notification from an offender who has made *any* initial registration pursuant to the Act, and would be thwarted if an offender could avoid the change-of-address notification obligation by questioning the validity of the initial registration the offender made.

■ The jury was instructed that, to find defendant guilty of this count, it had to find that defendant "has previously registered [under] Penal Code section 290 as a sex offender in Los Angeles county California with the sheriff of that county." This sufficiently tracks the language of the statute and properly informed the jury of the persons to whom the requirement applied.[12]

■ Furthermore, the evidence was sufficient to support the conviction. When, as here, a person subject to the Act (1) goes to an agency authorized to accept registrations under the Act; (2) signs, as "registrant," an official

---

[12] Indeed, in his reply brief on appeal, defendant suggests that the jury should have been instructed to find that defendant previously registered " 'pursuant to the Act' or 'pursuant to Penal Code section 290, subdivision (b).' " We fail to see a material difference between "pursuant to Penal Code section 290, subdivision (b)" (as proposed by defendant) and "[under] Penal Code section 290 as a sex offender" (as given by the trial court). In this case, the difference between "pursuant to" a statute and "under it" is nonexistent.

registration form captioned, "SEX REGISTRATION / CHANGE OF AD-DRESS / ANNUAL OR OTHER UPDATE—290 P.C." in order to register under the Act; and (3) receives proof of registration under the Act, that person has registered "pursuant to the Act," within the meaning of Penal Code section 290.013.

In addition, we note that, as a factual matter, defendant's argument that his initial registration was *not* pursuant to the Act is incorrect. Defendant argues that his initial registration at the Whittier-Atlantic Hotel should have been made with the Los Angeles Police Department, not with the sheriff, as the Whittier-Atlantic Hotel is located within the City of Los Angeles. The Los Angeles County Department of Regional Planning provides an interactive Web site tool for the purpose of determining whether a property is located in a city or an unincorporated area of Los Angeles County. (<http://planning.lacounty.gov/view/unincorporated_los_angeles_county/> [as of Jan. 18, 2011] [explaining the use of GIS-NET]; <http://planning. lacounty.gov/gisnet> [as of Jan. 18, 2011] [GIS-NET itself].) This tool establishes that the Whittier-Atlantic Hotel, on 5379 Whittier Boulevard, is in the unincorporated area known as East Los Angeles. On our own motion, we have taken judicial notice of this fact.[13] (Evid. Code, §§ 459, 452, subd. (h); see *People v. Velarde* (1920) 45 Cal.App. 520, 529 [188 P. 59] [judicial notice taken by Court of Appeal that a particular location is not within the limits of any incorporated city or town]; but see *People v. Tomasovich* (1922) 56 Cal.App. 520, 533 [206 P. 119] [stating, as dicta and with no citation to authority, that it is "extremely doubtful whether the courts may take judicial notice of the fact that any particular place or locality is not within the limits of an incorporated city"].)

### 5. *Defendant's Probation Violation Must Be Affirmed*

Defendant argues that his probation violation must be reversed if all three counts on which he was convicted must be reversed. As one of these convictions must be affirmed, there is no basis on which to reverse the probation violation.

---

[13] Defendant argues that it is inappropriate to take judicial notice of this fact on appeal, on the basis that he has a constitutional right to have all essential elements of the offense resolved by a jury. As we discuss above, the propriety of the defendant's initial registration is not an element of the offense of failing to notify the initial registering agency of a move. We take judicial notice not as a substitute for any failure of proof on the prosecution's part at trial, but as support for our rejection of defendant's argument, made for the first time on appeal, that the jurisdiction of his initial registration was, as a factual matter, incorrect.

## *DISPOSITION*

The probation violation in the lewd act with a person under 14 case (No. BA332111) is affirmed. The convictions of counts one and three in the failure to register case (No. BA346140) are reversed; the conviction of count two is affirmed. The matter is remanded to the trial court for resentencing on count two.

Klein, P. J., and Kitching, J., concurred.

A petition for a rehearing was denied January 31, 2011, and appellant's petition for review by the Supreme Court was denied April 27, 2011, S190519.